DANIELS VS. LEWIS.

Where L. obtained a tax deed which had been subsequently recorded, of lands which D. had conveyed by warranty deed, and just before the right to bring an action to recover the lands had expired, D. employed an attorney to bring an action to recover the lands and have the tax deed declared void, and L. thereupon made a verbal agreement with D. that if D. would pay him $75 and discontinue legal proceeding, that he would convey the premises to D., who thereupon, in pursuance of the agreement, discontinued such proceedings and paid D. $10, and afterward tendered him $65 as soon as he was required to pay it by the agreement ; but before this tender was made D.'s right of action was

barred by the statute, and then L. refused to convey the land. *Held.* That the discontinuance of legal proceedings which D. was about to commence and his neglecting to sue, relying upon such agreement until the right of action was barred, was such part performance as would take the case out of the statute of frauds, as D. could not be restored to his former position and if the agreement was not enforced might be greatly injured.

APPEAL from the Circuit Court for *Dodge* County.

The defendant demurred to the plaintiff's complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The circuit court over-ruled the demurrer and the defendant appealed to this court. The facts set out in the complaint are stated in the opinion of the court, so far as they relate to the point decided.

*Billinghurst & Fribert,* for appellant.

The complaint does not state a valid agreement which the court will enforce by action for specific performance, because it is a verbal agreement for the purchase of real estate, and the plaintiff has not been let into possession, nor made any improvements on it. 2, Story, Eq., § 759 ; *Smith vs. Finch,* 8, Wis., 245, and cases there cited. The solvency of the defendant is not questioned, and the plaintiff's remedy, if he has any, is by action to recover back the purchase money, as there is no fraud alleged in the complaint. The act of 1859 is not applicable to the plaintiff's case and whatever rights he had were lost before the agreement was made. It is not claimed but that the plaintiff had full knowledge of the facts, and he must be presumed to have known the law, and therefore could not have been misled.

*Williams & Leonard,* for the respondent.

Where one party to a contract has been induced or encouraged, by the promise of the other party so to act, that he cannot be restored to his former position if the contract is abandoned, the contract must be considered as perfected in equity, and courts will compel a specific performance. Any other rule would inflict a fraud upon the party thus acting. See 2 Story's Eq., sections 759, 761 ; Willard's Eq., 283, 284,

285; *Dart on Vend.*, 479; *Rhodes vs. Rhodes*, 3 Sand Ch., 279; *Parkhurst vs. Van Courtland*, 14 John., 15; *Harris Knickerbacker*, 5 Wend., 638; *Lowry vs. Tew*, 3 Barb., Ch. 413; *Tilton vs. Tilton*, 9 N. H., 386.

*By the Court,* PAINE, J.  The only question presented on this appeal is, whether the complaint sets forth sufficient to take the parol agreement for the sale of the land out of the statute of frauds.  The facts alleged are substantially as follows:  Lands which the plaintiff had sold by warranty deed, and the title to which he was bound to defend, had been sold for taxes, and tax deeds were issued and recorded, but they are averred to have been illegal and void.  The law in force at the time these deeds were recorded, required the owner to bring his action for the recovery of the land within three years from the recording.  But before the three years had expired, and while the matter, relating, as it did, to the remedy only, was subject to legislative control, the time was further extended for three years, by chapter 197, Gen. Laws of 1859.  Before his right to bring an action was barred under this law, the plaintiff employed attorneys to commence a suit to recover the land and have the tax deeds declared invalid.  At this time the defendant, *Lewis*, who was then the holder of the tax title, made a verbal agreement with the plaintiff, that if the latter would pay him seventy-five dollars and discontinue his legal proceedings, *Lewis* would convey the premises to the plaintiff.  The plaintiff, in pursuance of this agreement, directed his attorneys to discontinue all legal proceedings, paid *Lewis* ten dollars down, and afterwards tendered him the remaining sixty-five dollars, as soon as by the agreement he was required to pay it.  But before this tender was made, the plaintiff's right of action was barred by the statute, and *Lewis* then refused to convey the land or abide by the agreement.

It seems clear, that to allow him thus to take advantage of a verbal agreement to convey, by which to induce the plaintiff

not to sue while he might have done so, and then refuse to abide by it after the plaintiff's action was barred, would operate as such a fraud upon the plaintiff as should take the case out of the statute. Equity enforces verbal agreements for the sale of lands where there has been such a part performance that it must necessarily produce a wrong and an injury to one party, if the other is then allowed to repudiate it. Our statute of frauds expressly reserves this power, Sec. 10, chap. 106, R. S., 1858. And although payment of a part of the consideration is not considered such a part performance as to justify the application of this doctrine, for the reason that the money may be restored, yet the discontinuing of legal proceedings which the party was about to commence, and neglecting to sue until after the right was barred, in reliance upon such verbal agreement, must be so deemed, for the reason that the party cannot be restored to his former position, and, if the agreement is not enforced, may be greatly injured.

The order over-ruling the demurrer to the complaint, is affirmed, with costs.