HORN vs. LUDINGTON, impleaded, etc.

SPECIFIC PERFORMANCE. (1) *Part payment of parol contract for lands, does not warrant decree for specific performance.* (2) *Decree granted only where purchaser cannot be placed* in statu quo.

PLEADING. (3) *When plaintiff seeking equitable, denied legal relief.*

1. It is the settled doctrine of this court that mere *payment (even in full) of the consideration* is not such a part performance of a parol contract for the conveyance of land as will justify a decree of *specific*

*performance.* So *held* in a case where the payment alleged consisted partly of services rendered and partly of moneys advanced.

2. Such a decree will be made only where the purchaser has done some other act, such as taking possession of the land under the agreement, or has been induced to act in such manner that if the contract be abandoned he cannot be restored to his former position, and the refusal to perform will operate as a fraud.

3. Where the complaint avers that plaintiff advanced moneys and performed services under an oral agreement with defendants for the conveyance to him of an interest in certain lands, and demands judgment against them for a specific performance, and the facts alleged do not show him entitled to the remedy demanded, he cannot have in such action a judgment at law for the amount of such moneys and the value of such services.

APPEAL from the Circuit Court for *Milwaukee* County.

Action for the specific performance of a parol contract to convey real estate. The defendant *Ludington* demurred to the complaint as not stating a cause of action, and also upon the ground that the complaint itself showed upon its face that plaintiff had a perfect remedy at law. The allegations of the complaint are fully stated in the opinion. The court sustained the demurrer; and plaintiff appealed.

*Palmer, Hooker & Pitkin,* for appellant, argued, 1. That the agreement with the plaintiff was valid and binding, the whole consideration having been paid, and the entire agreement having been performed on his part. It would operate as a fraud on him to allow the defendant now to repudiate it. Courts of equity always enforce verbal agreements under such circumstances. *Martineau v. May,* 18 Wis., 54; *Paine v. Wilcox,* 16 Wis., 202; *Daniels v. Lewis,* id., 140. It may be conceded that a part payment of purchase money does not take a case out of the operation of the statute, but a payment of the entire price certainly does. Willard's Eq. Jur., 284, 285. 2. If plaintiff is not entitled to equitable relief, he is certainly entitled to a judgment for the money advanced and services rendered under the agreement. Upon the facts of the case, the allegations must necessarily be the same, whether equitable relief or a

money judgment is sought. And if the complaint shows a cause of action for either legal or equitable relief, it should not be dismissed on demurrer. *Emery v. Pease*, 20 N. Y., 62 ; *Leonard v. Rogan*, 20 Wis., 540.

*Mariner, Smith & Ordway*, for respondent, argued, *inter alia*, that the complaint failed to show such part performance as entitled the plaintiff to a decree for specific performance. Part or even full payment of the price will not suffice. Fry on Specific Performance, 260 ; 2 Story's Eq., p. 75, § 760, n. 2; 1 Sugden on Vendors, 144 et seq., and notes; 4 Wis., 88 ; 6 id., 168; 8 id., 245 ; 13 id., 142, 152. The complaint shows that plaintiff has a complete and adequate remedy at law, and defendants are entitled to a trial by jury of the case thus stated. Story's Eq. Pl. (8th ed.), p. 432, § 473 et seq., and note 2, and § 478. If the doctrine contended for by appellant be true, viz., that if the complaint states a good cause of action at law, the court must disregard the prayer and give such relief as the case stated warrants, then there is no longer any distinction between an action at law and a suit in equity. If the contract is void by the statute of frauds, an action at law lies for the recovery of the money paid and the value of the services rendered, and to that action plaintiff should resort. Story's Eq. Pl. (8th ed.), p. 432, § 413; *Prescott v. Everts*, 4 Wis., 314; *Shephard v. Genung*, 5 id., 397 ; *McIndoe v. Hazelton*, 19 id., 567.

COLE, J. This is an action to give effect to, or to enforce, a verbal agreement in respect to real estate. The complaint states substantially that the property known as the first division of the Milwaukee and Superior railroad, extending from Milwaukee to Green Bay, including the right of way, depot grounds, bridges and superstructure of the road, was sold at a foreclosure sale in March, 1859, and purchased by the defendants *Cross, Ludington* and *Scott*, at the marshal's sale, in equal portions, but *Cross* took the deed in his own name for the use and benefit of himself, *Scott* and *Ludington* jointly; that afterwards

the defendant *Hobart* acquired an interest in the property to the amount of one-fourth thereof; that after said *Hobart* acquired his interest in said property, and in the year 1866, while the legal title thereto remained in said *Cross*, an agreement was entered into between said *Cross, Ludington, Scott* and *Hobart* of the one part, and the plaintiff of the other part, whereby the plaintiff agreed to render his personal services as an attorney at law in the protection and management of the property, and from time to time to expend money in its protection and management, and to receive in payment of such services and moneys so expended an estate and interest in said property to the amount of an undivided one-fifth part thereof, and that he should receive a transfer and conveyance of the same. It is then alleged that after the making of said agreement, to the time of the commencement of this suit, said services were rendered according to the terms of said agreement, of the value of five thousand dollars and upwards, and money was, according to said agreement, advanced by the plaintiff in the protection and management of the property, to the amount of about fifteen hundred dollars; and "that the said agreement was a verbal agreement, but has been fully executed and performed on the part of the plaintiff;" and the principal relief asked is, that the defendant *Danaher*, in whom the title now is, should be adjudged to execute and deliver a deed of the property to the owners thereof. This is all of the complaint it is necessary to state in order to understand the serious objection which is taken to it on the demurrer. It is said on the part of the defendants, that the action is founded upon a parol agreement for the purchase of an interest in lands, but that the complaint fails to show such a part performance as entitles the plaintiff to a decree for a specific performance. It seems to us that this objection is insuperable, and must prevail. It is the settled doctrine of this court, that the mere payment of the consideration, unaccompanied by any other act, is not such a part performance of a parol contract for the conveyance of land as will

authorize a court of equity to specifically enforce contracts of that character.    There must be some other act done to raise an equity in favor of a party to a complete performance, such as the taking of possession of the lands sold under the contract by the purchaser; or one party must have induced the other so to act that if the contract be abandoned he cannot be restored to his former position, and a refusal to perform the contract will operate as a fraud.    Relief was granted in *Daniels v. Lewis*, 16 Wis., 140; *Paine v. Wilcox*, id., 202; and in *Martineau v. May*, 18 id., 54, on the ground that it would be a fraud to allow a party who has induced another to perform acts on the faith of an agreement, to insist that the agreement was invalid because not in writing.    But, in the case of *Smith v. Finch*, 8 Wis., 245, where there was an entire performance of the contract by the purchaser, who paid the amount agreed to be paid and executed the notes and mortgage to secure the payment of the balance of the purchase money, this court declined to enforce a performance of the contract.    The chief justice says, in effect, that in the absence of proof that the purchaser went into possession of the land which the defendant George Finch verbally agreed to convey, the court would not specifically enforce the contract, but leave him to his action at law for any injury he had received in consequence of the vendor's refusal to convey.    The case before us is not distinguishable in principle from that of *Smith v. Finch*.    The plaintiff would seem to have a complete remedy at law to recover for the value of his services and the money paid at the request and for the use of the defendants with whom he made his verbal agreement.    The doctrine that partial payment of the consideration will not entitle a party to a specific performance of a parol contract for the conveyance of real estate, was recognized and decided in *Blanchard v. McDougal*, 6 Wis., 167; *Brandeis v. Neustadtl*, 13 id., 142; and *Knoll v. Harvey*, 19 id., 99; and the counsel for the plaintiff, while conceding that this may be the rule in regard to that class of cases, still insists

that where the whole of the purchase money is paid by the vendee and accepted by the vendor, the latter should be compelled to execute the contract.

Judge WILLARD, in his work on Equity Jurisprudence, p. 284, says, that "an entire performance by either party raises an equity in his favor to a corresponding performance by the other party. It is a waiver of all objection to the contract, and the party who has thus accepted a performance cannot withhold an execution on his part, without being guilty of fraud." This is surely an authority entitled to great weight, but we do not see how we can follow it without overthrowing the doctrine established by this court. The cases to which the learned author refers in support of the rule laid down in the text, are *Pierce v. Nichols*, 1 Paige, 244, and *Rhodes v. Rhodes*, 3 Sandf. Ch., 279. In the case in Paige there does not seem to have been any question raised as to whether the contract was within the statute. The case of *Rhodes v. Rhodes* was peculiar in its circumstances, but clearly falls within the rule laid down by this court, that where the party cannot be restored to the situation in which he was before the contract was made, nor be compensated in damages, a court of equity will enforce the parol agreement. The vice-chancellor also remarks in that case, that the further ground existed, that the complainant went into the possession of the share belonging to his brother in pursuance of the verbal contract, and made permanent and valuable improvements to an extent which would have been improvident for him to have incurred, if, on his brother's death, all the heirs were to become owners of his half of the farm.

On the whole we are quite well satisfied with the rule as laid down in *Smith v. Finch*, that the payment of the consideration is not such a part performance as will take a parol contract out of the operation of the statute, and entitle a party to its complete performance, unless there is some other element entering into the case. We cannot see that there is any ground for saying that it would operate as a fraud upon the plaintiff to allow.

the defendants to refuse to comply with their agreement, any more than it would be a fraud on their part to refuse to pay him money which they had agreed to pay.

It is further insisted upon the part of the plaintiff (in the brief filed), that if the plaintiff is not entitled to equitable relief in this action he was certainly entitled to a judgment for the money he had advanced, and for the value of the services rendered on the faith of the verbal agreement. This point was practically abandoned by the counsel who argued the cause, and who frankly admitted that the complaint must be sustained, if at all, under the equitable jurisdiction of the court, as one seeking a performance of a parol contract. It surely must be sustained upon that ground or fail. It will not do to say, if the facts fail to show that the plaintiff is entitled to the equitable relief he seeks, that the action must be sustained as one at law. *Board of Supervisors of Kewaunee Co. v. Decker*, 30 Wis., 624.

*By the Court.*— The order of the circuit court sustaining the demurrer is affirmed.