[No. 3,422.]

E. J. EDWARDS *v.* W. K. ESTELL, Administrator of
    THE ESTATE OF ALONZO STEWART, DECEASED, MARY N.
    STEWART AND ALONZO STEWART.

COUNTY SURVEYOR.---A County Surveyor is, under the statute, one of the
    agents of the State for the sale of swamp and overflowed lands.

CONTRACT AGAINST PUBLIC POLICY.---A contract made by a County Surveyor
    with another person, by which the surveyor is to search out and survey
    swamp and overflowed land, and assist the other in effecting a purchase
    of it, and the other is to make the application to purchase, make the
    first payment of twenty per cent., and one year's interest in advance,
    and procure a certificate of purchase, and then convey one half to the
    Surveyor, is void, as against public policy.

SPECIFIC PERFORMANCE OF PAROL CONTRACT.---If a Surveyor and another
    enter into a parol contract, by which the Surveyor is to search for and
    survey swamp lands, and the other is to pay the first installment of
    twenty per cent. purchase-money, and procure a certificate of purchase,
    and then deed one half to the Surveyor, the services performed by the
    Surveyor are not such part performance of the contract as to bring the
    case within the tenth section of the Statute of Frauds, and enable the
    Court to decree a specific performance.

APPEAL from the District Court, Tenth Judicial District,
County of Colusa.

The contract spoken of in the opinion was a parol one.
The defendant recovered judgment, and the plaintiff ap-
pealed.

The other facts are stated in the opinion.

*A. L. Hart* and *S. T. Kirk,* for the Appellant, argued
that the services of the Surveyor were such a part perform-
ance as took the case out of the statute; and cited, 1 Cal.
207; 27 Cal. 119; 22 Cal. 575, and 6 Cal. 149. They also
argued that the contract was not against public policy, as
the Surveyor did not have to fix the price of the land, and
must perform the duties prescribed to him by the statute,
and did not act in a fiduciary capacity.

*W. C. Belcher* and *W. F. Goad,* for the Respondent,
argued that the agreement was void because against public
policy; and cited, *Callagan* v. *Hallett,* 1 Caines, 104;

*Mitchell* v. *Vance*, 5 Monroe, 529; *Andrews* v. *Pratt*, 44 Cal. 309, and *Pickett* v. *School District No.* 1, etc. 25 Wis. 541. They further argued that there had been no part performance under the tenth section of the Statute of Frauds, and that the Court would not decree a specific performance; and cited, *Clinan* v. *Cooke*, 1 S. & L. 41; *Johnson* v. *Glancey*, 4 Blackford 94, and *German* v. *Machin*, 6 Paige, 288.

By the Court, RHODES, J.:

The plaintiff and Stewart entered into an agreement to the effect that the plaintiff, who was then County Surveyor of Colusa County, would search out and find in that county a quantity of swamp and overflowed land, survey the same, and assist Stewart in effecting a purchase of it from the State; that Stewart would make the affidavit and application to purchase, and make the first payment of twenty per cent., and the first year's interest on the balance; procure a certificate of purchase, and then would convey one half of the land to the plaintiff. The plaintiff searched out and found the land mentioned in the complaint, and surveyed the same, and Stewart, in pursuance of the agreement, made the application to purchase the land; the application was approved, and he paid the first installment of twenty per cent. of the purchase-money and the interest on the balance, according to the agreement; and the certificate of purchase was issued, but it was not issued until after the death of Stewart. The action is brought against the administrator and heirs of Stewart, to compel a specific performance of the agreement to convey the one half of the land.

The Court found, as a conclusion of law, that the agreement was against public policy, and was and is void. The defendants take the further position that the case does not come within the tenth section of the Statute of Frauds—that there was not such a part performance of the agreement as would justify the Court in decreeing its specific performance.

There are several officials who are charged with the performance of duties relating to the sale of the swamp and overflowed lands belonging to the State. It cannot be said

that there is any one officer whose duty it is to make those sales. The County Surveyor, the Surveyor-General, the County Treasurer, the Register of the State Land Office, and the Governor, severally perform duties respecting such sales. The County Surveyor, in receiving an application to purchase, and making the survey, is no less the agent of the State than the County Treasurer in receiving the purchase-money, or the Surveyor-General in approving the survey, or the State Register in issuing the certificate of purchase. If the question were whether the Governor could issue a patent to himself, or the Surveyor-General approve a survey made for himself, there is no doubt that it would be held that they could not perform those acts, and it is equally clear that the County Surveyor could not receive and file his own application to purchase, and make a survey for himself of the lands mentioned in his application; and that he could not do the same things nominally on the application of another, but really for himself in whole or in part. The agreement in this case was, in effect, that the County Surveyor should receive the application to purchase, make the survey, and perform other official acts required of him by law, for the joint benefit of himself and Stewart. We can see no way to escape the conclusion that the agreement on the part of the plaintiff to perform those official acts nominally for the benefit of Stewart, but really for the joint benefit of himself and Stewart, is contrary to public policy, and therefore void. He being, as before remarked, one of the agents of the State for the sale of the lands, is prohibited, by the highest considerations of public policy, from becoming the purchaser.

It is unnecessary to dwell on the second question at any length, though it, as well as the other question, has been elaborately discussed by counsel. There are two propositions upon which the cases are very fully agreed; first, that the payment of the purchase-money will not be regarded as part performance; and, second, that the acts of part performance must be such that it would be fraud upon him for the other party to refuse performance on his part. (Fry on Specif. Perf. Secs. 388 and 403, and cases cited.)

The term purchase-money, as employed in the proposition above stated, comprehends the consideration, whether it be money or property, or services, for which the lands are to be conveyed, and is not limited to money alone. Here the services to be performed by the plaintiff were the consideration for which the one half of the lands were to be conveyed to him; and hence the performance of those services did not constitute a sufficient part performance, within the meaning of the equitable rule. There is no ground for saying that the plaintiff, by his alleged acts of part performance, has been placed in such a position that the refusal of the defendants to convey the one half of the lands will operate as a fraud upon him. The refusal to convey merely leaves him the creditor of the estate of Stewart, and full compensation may be made for his services in money. He is in no worse position than if, instead of rendering the services, he had advanced their value in money.

Judgment affirmed. Remittitur forthwith.

WALLACE, C. J., concurring specially:

I concur in the judgment upon the first point discussed in the opinion.