SOLON WEBSTER v. EDGAR L. GRAY.

*Statute of Frauds—Part Performance.*

Courts of equity will not enlarge the exceptions to the Statute of Frauds.

Redress is not granted on a parol contract, for a part performance capable of full pecuniary measurement.

The selection of swamp lands under a parol contract that the party making the selection shall have an interest in them, is not such a part performance as to take the case out of the statute of frauds.   The employment is capable of pecuniary measurement.

One who has let his legal remedy be outlawed cannot obtain relief in equity.

Appeal from Oceana. Submitted June 5. Decided June 12.

BILL FOR SPECIFIC PERFORMANCE. The essential facts are in the opinion.

*Albert G. Day,* for complainant and appellee.

*Gray & Luton,* for defendant and appellant.

CAMPBELL, J. This bill is filed to obtain the specific performance of a parol contract made in 1866, whereby Webster was to select swamp lands and furnish descriptions of them to Gray, who had a road contract with the state on which he proposed to reserve and apply such lands; and Webster was to have an interest of one-fourth in the lands so obtained of the state.

The first selection was made in the spring of 1866, and about 2,000 acres entered under it. In the fall of that year nearly the same amount of other lands was selected, but not finally secured.

In July, 1866, Gray signed a paper agreeing to sell Webster two eighty-acre lots for $150, which he afterwards conveyed in due form. The same paper contained the following statement: "Also he [Webster] has an undivided one-fourth interest in all of the following lands that I may be able to reserve at Lansing, to-wit, the minutes of which he left with me June 27, to-wit: about 1,800 acres, in towns as follows: T. 14, N. R. 15; T. 15 N. R. 15; T. 16 N. R. 15."

It is not claimed that this paper constituted a contract, but only that it was a recognition of one. But inasmuch as it contains no explanation whatever of the mutual rights and obligations of the parties, it is of no special importance in the case. The contract by parol is not stated quite alike by the parties, but they do not differ substantially. The statute of frauds is relied on as a defense.

It appears from the case that during the various negotiations it was ultimately if not originally understood that Gray might sell land and account to Webster for his share of the proceeds.

The entire liability accrued in 1866, and the bill was filed in September 1873, and avers that the legal remedy is barred by the statute of limitations.

If such a contract could be specifically enforced at all, it can only be enforced when verbal, upon the ground that there has been such a part performance by complainant that without complete enforcement he will be defrauded beyond any reasonably adequate remedy.

It has never been deemed proper to grant redress on a parol contract for a part performance capable of full pecuniary measurement. Generally there must have been a change of possession of the land in controversy, which is always regarded as involving considerations not easily estimated in damages. There are very few other cases where parties are placed in any such predicament as to require protection to save them from being defrauded.

It is not the policy of courts of equity to enlarge the exceptions to the Statute of Frauds. Where parties see fit to neglect the means it provides for putting their agreements into a form which will prevent disputes, they must usually be content to trust to each other's promises, and not ask the courts to relieve them against the consequences of their own carelessness.

All that Webster did or agreed to do was to perform certain exploring work which he had before done for compensation, and which could readily be estimated according to its actual value. A suit at law to recover compensation would produce ample redress. The employment placed him in no position from which he could not be extricated, and subjected him to no frauds or perils. He was merely working for pay, the pay being due in land instead of in money.

This is not such a part performance as is required to take a case out of the statute. The loss of his legal remedy by allowing it to become outlawed, furnishes complainant no ground of relief in equity; and it may be questionable

whether on such a contract as this the lapse of time would not render the equitable claim, if one existed, stale.     It is very certain that the effect of the delay has been to bring about the sale to third parties of large portions of the lands in which the complainant's interest, if valid, could have been saved by earlier proceedings.     But we think the case has not been taken out of the statute, and that the contract is invalid.

We have not attempted to discuss the terms of the agreement, or to determine whether, if written, it would have been subject to specific enforcement.     It would present some difficulties not usually arising, and would require much consideration.     But we need not examine this.

The decree must be reversed, and the bill dismissed with costs of both courts.

The other Justices concurred.