LEMUEL D. PUTNAM v. PATRICK REYNOLDS AND JOHN FITZGERALD.

*Chattel mortgage—Filing—Assignment by mortgagor.*

A chattel mortgage not filed is void as against the creditors of the mortgagor by the express terms of the statute, when the mortgagor is left

in possession as before giving it. Whether it is not also void as against one to whom the mortgagor has assigned for the benefit of his creditors is left undecided by this case.

A mortgagor of goods who had been left in possession, and whose mortgage was not filed, made a general assignment for the benefit of his creditors. The assignee took possession and proceeded to sell the goods in execution of his trust. The mortgagee filed a bill in equity to foreclose. *Held*, that as the statute declared his mortgage void as against the very parties for whom the assignee was trustee, he had no standing whatever in equity, and his bill was dismissed. If under any harsh rule of the common law he may have an advantage, he will be left to seek it at law.

Wrongful conduct can never be the foundation of an equitable right.

Appeal from Kent. Submitted June 10. Decided June 23.

FORECLOSURE of chattel mortgage. Defendants appeal. Reversed and bill dismissed.

*Simonds & Fletcher* for complainant.

*McBride & Carroll* and *A. T. McReynolds* for defendants. If a chattel mortgage is not filed and the mortgagor is allowed to retain possession and sells the goods with the mortgagee's knowledge, either it is fraudulent and void as matter of law, or the good faith of the proceeding is a question for the jury : *Griswold v. Sheldon* 4 N. Y. 581 ; *Edgell v. Hart* 9 N. Y. 213 ; *Ford v. Williams* 13 N. Y. 577: 24 N. Y. 359 ; *Miller v. Lockwood* 32 N. Y. 293 ; *Russell v. Winne* 37 N. Y. 591 ; *Mittnacht v. Kelly* 5 Abb. Pr. [N. S.] 442 ; *Frost v. Warren* 42 N. Y. 204 ; *Southard v. Benner* 72 N. Y. 424 ; *Swift v. Thompson* 9 Conn. 63 ; *Rood v. Welch* 28 Conn. 163 ; *Shipman v. Ætna Ins. Co.* 29 Conn. 245 ; *Gaylor v. Harding* 37 Conn. 508 ; protection against such a mortgage is not confined to judgment creditors: *Olson v. Morrison* 29 Mich. 395.

COOLEY, J. Putnam filed a bill in equity to foreclose a chattel mortgage given to him by the defendant Reynolds, and which bore date April 9, 1879. It covered a stock of

goods, and was given to secure a debt of $500. Permission was given to the mortgagor in it to remove the goods from Grand Rapids, where they were when the mortgage was given, to Stanton in Montcalm county, and the mortgagee availed himself of this condition and made sale of the goods from time to time in the usual course of retail trade. Meantime the mortgage was not filed in the office of the city clerk of Grand Rapids, or in the proper office at Stanton, and by reason thereof, it became, by the express terms of the statute (Comp. L. § 4706), "absolutely void as against the creditors of the mortgagor." *Fearey v. Cummings* 41 Mich. 376. July 7, 1876, Reynolds having become insolvent, made a general assignment for the benefit of his creditors to the defendant Fitzgerald, who had no knowledge of the mortgage, and the assignee took possession and proceeded to make sale of the goods in execution of his trust under the assignment. Two days thereafter Putnam filed his mortgage at Stanton, and a little later still at Grand Rapids, and demanded possession of the goods, which Fitzgerald refused to give. After such demand and refusal the present bill was filed.

It is insisted on behalf of complainant that his mortgage, notwithstanding the failure to file it, was perfectly good as against the mortgagor, and that the latter could not, by a voluntary assignment, transfer a right to assail it which he did not himself possess. The assignee is not a purchaser for value, and not a creditor; and even creditors, it is said, cannot attack the mortgage except indirectly through a seizure of the property by attachment or other suitable process. This is doubtless true where the invalidity of the mortgage arises from the fraud of the mortgagor, but whether the same rule will apply when the mortgage was originally valid, but is made void by the neglect of the mortgagee, may well be questioned. It would be easy to suggest weighty considerations arising in such cases, but not existing in the case of a fraudulent mortgage, and which it might well be thought should control. But we do not think the question fairly arises in this case.

As matter of law the mortgage of complainant was void

as to the mortgagor's creditors, and it was made void for the reason that the conduct of the mortgagee, even when he had no such purpose in view, tended to defraud them. If the mortgage was purposely left off the record, it was an act of bad faith, which might justify its being declared void in fact irrespective of the statute (*Shipman v. Seymour* 40 Mich. 274); and there is reason to believe that such was the fact here, and that it was done to give the mortgagor a credit to which he was not entitled. But whether the mortgage was void in fact as against creditors, or merely void in law, it is plain that the mortgagee cannot have a shadow of equity to enforce it as against a trustee for the creditors who is proceeding to dispose of the property in good faith for their benefit. If any strict and harsh rule of the common law will enable the mortgagee to defeat the just claims of the creditors under the circumstances, he may be at liberty to take advantage of it, and on the other hand the assignee may rightfully hold any legal advantage he may have obtained. But whatever may be the case at law, a complainant in equity must have a better standing than a security which the statute, because of his own treatment of it, has declared to be void as against the very parties from whom he seeks to withdraw property by its enforcement. The maxim applies here that a tortious act can never be the foundation of an equitable right: *McCredie v. Buxton* 31 Mich. 383, 388.

The decree must be reversed and the bill dismissed with costs of both courts. The defendant Fitzgerald will be at liberty to withdraw from court the proceeds of assigned property paid in by him.

The other Justices concurred.