## CHENOWETH & JOHNSON *v.* LEWIS, ET AL.

### VERBAL AGREEMENT FOR INTEREST IN LAND.

Where a verbal agreement was made for the sale of an equitable interest in land: *Held*, that such agreement was void.

APPEAL from Benton.

The facts in this case are that Sarah E. Wagner, formerly the wife of Jesse B. Lewis, respondent, filed a complaint in equity in which she alleges her marriage, in 1856, with, and divorce in the year 1876 from, the said respondent, and her subsequent marriage, in the year 1878, to Charles Wagner; that during her marriage with the said respondent, J. B. Lewis, they acquired, by residence and cultivation, a donation land claim of three hundred and twenty-two acres, in Polk county, Oregon, and that the north half of such claim enured to her by patent from the United States. That in the year 1858, she and her husband sold this donation land claim for fourteen hundred dollars, and that with this money they purchased other lands in Polk county, Oregon, and that the last mentioned lands were exchanged by them for certain lands, described in the complaint, in Benton county, Oregon.

The appellant further alleges that the said Sarah E. Wagner died a few days after filing her said complaint, and that the defendants, John and Lilly Lewis, are the only heirs-at-law of the said Sarah E. Wagner, deceased, and that they refused to be made plaintiffs on this suit.

The appellants then allege that prior to the commencement of the suit of the said Sarah E. Wagner, she employed the plaintiffs to conduct said suit to final determination, and to compensate them for their services, she sold to the appellants, by verbal contract, an undivided one-half interest in the property or money to be recovered in her said suit.

The separate answer of the respondent, Jesse B. Lewis, admits the interest of the said Sarah E. Wagner in the donation claim, sold for seven hundred dollars, and no more, and that

the money realized from the sale, together with eighteen hundred dollars furnished by said respondent, was invested in other lands in Polk county, which were exchanged for the lands now held by him in Benton county, and alleges further, that in satisfaction of all claim, right, or interest she might have in said property, or other property in his possession, or name, by virtue of her donation right, or otherwise, he conveyed to the said Sarah E. Wagner other valuable real and personal property which was accepted in lieu thereof, and in full satisfaction of the same.    The appellants filed a reply, and upon issue joined the evidence was taken, and upon submission to the court a decree was rendered in favor of the respondents, and the appellants appeal therefrom.

*Chenoweth & Johnson*, for appellants.

This being a trust fund, arising from a resulting trust, it may be followed into land by parol evidence, and is not within the operation of the statute of frauds. (Perry on Trusts, Secs. 137, 138 and 836.)    Appellants claim under an equitable assignment. (Barbour on Parties, sec. 179; 8 How. Pr. R., 514.)    An assignee may sue in his own name. (Story's Eq. Pleadings, sec. 153; Pomeroy on Remedies, 132–137; *Grain* v. *Aldrich*, 38 Cal., 514.)

*Kelsay & Burnett*, for respondent.

The contract or agreement of the appellants, with Sarah E. Wagner, was for an interest in land, and is void because it is not in writing. (Code, page 265, sec. 775; *Fuller* v. *Reed*, 38 Cal., 109; *Millard* v. *Hathaway*, 27 Cal., 144; *Videau* v. *Griffin*, 21 Cal., 391.)

By the Court, LORD, C. J.:

The view we take of this case renders it unnecessary to consider several questions which were discussed at the argument.    The pleadings, taken together, exhibit a state of facts from which the law raises a resulting trust in favor of Mrs. Wagner, of an undivided equitable interest in the land in question.

It is true that parol evidence is admissible to establish such a trust, but it is also well settled that the interest of the *cestui qui trust* cannot be conveyed by parol. (Perry on Trusts, Sec. 79, and authorities cited.)

The interest of the *cestui qui trust* is an equitable interest in land, and a sale or release of the same can only be proved by a conveyance, or other instrument in writing, subscribed by the party granting or releasing the same, or by his lawful agent under written authority, and executed with such formalities as are required by law. Nor is any contract or agreement by the *cestui qui trust*, for the sale of such equitable estate or interest in land, valid, or admissible as evidence, unless some note or memorandum thereof, expressing the consideration, be in writing, and subscribed by the party to be charged, or by his lawfully authorized agent. (Civil Code, sec. 775.)

The equitable estate of Mrs. Wagner is admitted, and existed at the time the verbal agreement was made with the appellants, unless she previously released the same by proper instrument in writing, to the respondent, Jesse B. Lewis, in consideration of the real and personal property conveyed to her as alleged. It is unnecessary, however, to consider that question. The agreement was for the sale of an equitable estate or interest in land, which, under the provision of our statute, above cited, is required to be in writing. (See, also, Browne on Frauds, sections 226 to 229; *Hughes* v. *Moore*, 7 Cranch, 176; *Richards* v. *Richards*, 9 Gray, 313; 3 Sum., 435; *Millard* v. *Hathaway*, 27 Cal., 127.) It follows that the judgment of the court below must be affirmed.

Judgment affirmed.