White, J.
This case is governed by the decision in Howard v. Brower, 37 Ohio St. 403. In that case, as in this, the action was brought against the personal representative of the deceased contracting party for the recovery of money only ; and before the adoption of the code would have been an action at law to recover damages for the breach of the alleged contract.
On behalf of the defendant in error, the present case is sought to be distinguished from Howard v. Brower, on the ground that the’present case may be regarded as an equitable action brought to recover compensation in lieu of specific performance, where specific performance has become impracticable.
In such a case, as respects the land, the real representatives of the deceased were the necessary parties to be sued' for the specific performance of the agreement; and if they should be found to have disabled themselves from so doing, they are the parties to be charged with making compensation. But the petition does not assert any cause of action against them, nor are they parties to the action. The distinction, therefore, sought to be made between the two cases cannot be supported.
The present case is as clearly within the statute of frauds .as the case of Howard v. Brower, supra.
That mere payment of the purchase money, whether made in money or services, will not take the case out of the operation of the statute, we regard as well settled. Sites v. Keller, 6 Ohio, 484; Pollard v. Kinner, Id. 528; Armstrong v. Kattenhorn, 11 Id. 256; Ham v. Goodrich, 37 N. H. 185; Horn v. Ludington, 32 Wis. 73; Temple v. Johnson, 71 Ill. 13; Sutton v. Rowley, 44 Mich. 113.
' But we are not called upon, in this case, to determine under what circumstances equity will, or will not, decree specific performance of a parol agreement for the devise or conveyance •of lands. .Such is not the character of the case before us. The ground upon which courts of equity interfere, in such ■cases, is that of fraud. The jurisdiction is founded, not upon the agreement,'but upon the fraud. And a mere refusal to *339 perform a parol agreement, void under the statute of frauds, is in no sense fraud, either in law or equity. Wheeler v. Reynolds, 66 N. Y. 227.
In the present case we are unanimous in the opinion that the agreement sued on is within the statute, and the plaintiff in error is not chargeable with its breach.
Judgment reversed, verdActset aside, demurrer to the second defense overruled, and cause remanded to the court of common goleas for further goroceedi/ngs.