## WILLIAM H. CRABILL, Ex'r, *v.* NANCY MARSH.

*(Supreme Court of Ohio, October 3, 1882—Error to the District Court of Clark County.)*

1. VERBAL AGREEMENT FOR THE CONVEYANCE OF LAND—STATUTE OF FRAUDS. On a verbal agreement for the conveyance of land, the payment of the purchase money, whether made in money or services, will not take the agreement out of the operation of the statute of frauds.

2. SPECIFIC PERFORMANCE—PARTIES. In an action to recover compensation in lieu of the specific performance of an agreement for the conveyance of land, on the ground that specific performance has become impracticable, the real representatives of the deceased selling party are necessary parties; and if they have disabled themselves from performing the agreement, they are the parties chargeable with making compensation. Judgment reversed and cause remanded.

The original action was brought by Nancy Marsh in the Court of Common Pleas of Clark county against William H. Crabill, executor of Nathan Marsh, deceased. It appears, from the petition, that Nathan Marsh made his last will and testa-

ment on the 21st day of October, 1867, by which he gave to John Marsh, his only child, a large amount of personal property and real estate, which included a tract of 370 acres, on which said Nathan resided; that the plaintiff was married to John Marsh in November, 1869, and, after said marriage, they lived with said Nathan on his farm and assisted him in the management and control thereof; that John died in October, 1870, intestate and without issue, leaving the plaintiff surviving him; that, soon after the death of said John, the plaintiff proposed to remove from the farm of the said Nathan and return to her father's house, to which Nathan objected, he being in feeble health, and proposed to the plaintiff, that, if she would live with him, superintend his farm, care for and nurse him during the remainder of his lifetime, she should have the principal portion of his estate, and should have all the property by him bequeathed to his son John by his said will; and that he would convey the same to her by deed or will. It is averred that she accepted this proposition, and continued to live with him until his death, and performed the agreement on her part. It is also averred that he did not convey the property by deed or will, or provide for her as he had agreed. For the non-performance of the agreement, damages are claimed.

The sworn defense of the answer sets up that the said pretended agreement was within the statute of frauds, the same not being in writing nor any note or memorandum thereof. To this defense the plaintiff demurred, and the demurrer was sustained. The other defenses traversed the averments of the petition. On the issues thus raised the case was submitted to a jury.

At the conclusion of the evidence, the defendant, among other things, requested the Court to instruct the jury as follows:

"*Second*—The fact that a daughter-in-law continues to live with her father-in-law after her husband's decease, as his housekeeper, in the same capacity in which she lived with him during the lifetime of her husband, is not such part performance of an oral contract made after the death of the husband for the purchase of land as will take the contract without the operation of the statute of frauds, and if the jury find this to be the only extent to which the plaintiff has performed the

alleged contract, they must find the contract to be in writing before they can find for the plaintiff.

" *Third*—That the value of the property devised and bequeathed to John is not the fixed and determinate measure of damages that the plaintiff is entitled to recover in this action."

These instructions the Court refused to give, to which refusal the defendant excepted. A verdict was returned for the plaintiff, on which judgment was rendered. On error this judgment was affirmed by the District Court; and the present petition in error is prosecuted to reverse these judgments.

WHITE, J. This case is governed by the decision in *Howard* v. *Brower*, 37 Ohio St., 403. In that case, as in this, the action was brought against the personal representative of the deceased contracting party, for the recovery of money only, and, before the adoption of the Code, would have been an action at law to recover damages for the breach of the alleged contract.

On behalf of the defendant in error, the present case is sought to be distinguished from *Howard* v. *Brower*, on the ground, that the present case may be regarded as an equitable action brought to recover compensation in lieu of specific performance, where specific performance has become impracticable.

In such a case, as respects the land, the real representatives of the deceased were the necessary parties to be sued for the specific performance of the agreement, and, if they should be found to have disabled themselves from so doing, they were the parties to be charged with making compensation. But the petition does not set apart any cause of action against them, nor are they parties to the action. The distinction, therefore, sought to be made between the two cases cannot be supported.

The present case is as clearly within the statute of frauds as the case of *Howard* v. *Brower, supra.*

That mere payment of the purchase money, whether made in money or services, will not take the case out of the operation of the statute, we regard as well settled. *Sites* v. *Keller*, 6 Ohio, 484; *Pollard* v. *Kinner, id.,* 528; *Armstrong* v. *Kattenhorn*, 11 *id.,* 256; *Ham* v. *Goodrich, admr.,* 37 N. H., 185; *Horn* v. *Ludington*, 32 Wis., 73; *Temple* v. *Johnson*, 71 Ill., 13; *Sutton* v. *Rowley*, 44 Mich., 113.

18

But we are not called upon in this case to determine under what circumstances equity will or will not decree specific performance of a parol agreement for the devise or conveyance of land. Such is not the character of the case before us. The ground upon which Courts of equity interfere in such cases is that of fraud. The jurisdiction is founded not upon the agreement, but upon the fraud. And a mere refusal to perform a parol agreement, void under the statute of frauds, is in no sense a fraud, either in law or equity. *Wheeler* v. *Reynolds*, 66 N. Y., 227.

In the present case we are unanimous in the opinion that the agreement sued on is within the statute, and the plaintiff in error is not chargeable with its breach.

Judgment reversed, verdict set aside, demurrer to the second defense overruled, and cause remanded to the Court of Common Pleas for further proceedings.