Submitted on briefs June 18, decided June 25; rehearing denied August 13, 1912.

## FARRIN v. MATTHEWS.

[124 Pac. 675.]

FRAUDS, STATUTE OF—AGREEMENTS RELATING TO SALE OF LAND.

1. Where a client's agreement to convey to his attorney a half interest in land which was the subject of an action as compensation for the attorney's services was not in writing, as required by the provisions of the statute of frauds relative to the sale of lands (Sections 804, 808, L. O. L.), an action on the agreement, whether treated as one for specific performance or as one to foreclose the attorney's lien, given by Section 1088, subd. 4, L. O. L., could not be maintained.

SPECIFIC PERFORMANCE—PART PERFORMANCE OF ORAL AGREEMENT.

2. The performance of services by an attorney pursuant to an oral agreement by his client to convey land to him in payment therefor is not a sufficient part performance of the contract to entitle him to specific performance, since he can be completely reimbursed for his services by an action at law on *quantum meruit*.

From Coos: JOHN S. COKE, Judge.

Statement by MR. JUSTICE BURNETT.

This is a suit by E. L. C. Farrin and J. M. Upton against William C. Matthews, Belt Line Railway Company, a corporation, L. T. Matthews, Charm Kinney, H. J. Isaacs and N. H. Walling.

The cause was submitted on briefs without oral argument. It appears by the complaint, in substance, that the plaintiffs, attorneys at law, were employed by the Belt Line Railway Company, a corporation, to conduct litigation against one Eckhoff for the purpose of decreeing the corporation to be the owner of certain lands in question here and for other relief. It is said in

the complaint "that the said defendant, Belt Line Railway company, then agreed to and with the said plaintiffs that, as and for compensation, and as and for the sole compensation of said plaintiffs for their services as such attorneys in the bringing of said suit, and in the conducting of the litigation involved therein, it would, in the event of the successful determination of said suit, convey to the said plaintiffs an undivided one-half interest in and to all lands and moneys recovered in said suit." It further appears in the complaint that the plaintiffs accepted the employment, and were successful in securing a decree in favor of the corporation to the effect that it was the owner of the property, and requiring Eckhoff and his wife to convey the land by good and sufficient deeds, or that, in default thereof, the decree should stand instead of a conveyance, unless it was executed and delivered within 30 days from the date of the decree. Although the suit against Eckhoff was ended in the circuit court January 16, 1909, no appeal has ever been taken in that matter. The plaintiffs allege that they fully complied with the terms of their contract with the corporation so as to become entitled to the conveyance to them of an undivided one-half interest in the land mentioned. They further say that on February 15, 1909, they served on Eckhoff a notice of lien upon the decree against him to secure them for their compensation. The notice is set out in the complaint, being directed to Eckhoff, and reading thus:

"You are hereby notified that we have and claim a lien upon the judgment heretofore obtained by the Belt Line Railway Company against Charles Eckhoff and Charlotte Eckhoff in the circuit court of the State of Oregon for Coos County, and the property therein described in the above entitled suit, which said judgment was filed and entered in · said court and cause on the 16th day of January, 1909. The said claim amounts to an undivided one-half interest in the said judgment

and decree and the property described therein, and is for fees due from said Belt Line Railway Company to us for services rendered and performed in said suit, and you will please reserve the above amount in any settlement of said judgment otherwise we shall hold you liable therefor," which notice was signed by the plaintiffs here, and was filed with the clerk of the circuit court on February 16, 1909.

Alleging that, although often requested to do so, the Belt Line Railway Company has refused to convey to the plaintiffs the undivided half interest in the land, and that the other defendants have, or claim to have, some interest in the property adverse to plaintiffs, but that the same is subject and subsequent to the lien of plaintiffs, the complaint concludes with a prayer to the effect that the plaintiffs be decreed to have a lien upon the lands to the extent of an undivided half interest therein; that the defendant Belt Line Railway Company be required to execute and deliver to them a good and sufficient conveyance of an undivided moiety of the land; and, further, that the other defendants be barred and foreclosed from asserting any right or interest in or to the land, except an undivided half interest therein in common with the plaintiffs. The defendant Matthews answered, denying the making of the contract between plaintiffs and the Belt Line Railway Company for their compensation in the litigation mentioned, and otherwise denied the material allegations of the complaint, and asserted title in himself by mesne conveyances from the Belt Line Railway Company. There were other affirmative defenses set up in the answer of Matthews which are deemed negligible for the purposes of this opinion. The reply traversed the answer of Matthews. The circuit court, after a hearing, made findings and a decree in favor of the plaintiffs according to the prayer of their complaint, and the defendant Matthews appeals.

REVERSED: SUIT DISMISSED.

For appellant there was a brief over the names of *Mr. C. E. Maybee* and *Mr. John F. Hall.*

For respondents their was a brief over the names of *Mr. Edward L. C. Farrin* and *Mr. James M. Upton.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. "An attorney has a lien for his compensation, whether specially agreed upon or implied as provided in this section: * * (4) Upon a judgment or decree to the extent of the costs included therein, or if there be a special agreement to the extent of the compensation specially agreed on, from the giving notice thereof to the party against whom the judgment or decree is given, and filing the original with the clerk where such judgment or decree is entered and docketed." Section 1088, L. O. L.

It is not pretended that the agreement between plaintiffs and the Belt Line Railway Company for compensation in the suit first mentioned was in writing, and at the hearing of this suit the defendant Matthews objected to any evidence on that subject on the ground that such a contract being one for the sale of an interest in land is within the statute of frauds, and must be in writing. The plaintiffs contend that this is a suit to foreclose their lien, notice of which was given in writing under the statute already quoted, and that consequently the statute of frauds does not apply to this suit. For the reason, however, that the plaintiffs demand as part of the relief invoked that the Belt Line Railway Company be compelled to execute and deliver to them a good and sufficient conveyance of an undivided half interest in the lands in question, the case at bar must be deemed to be a suit for specific performance of a contract for the conveyance of an interest in lands. But aside from this, if we consider the case to be one for the foreclosure of a lien, notice of which has been given in writing, still such a charge upon property of any kind is ancillary to

some principal or original obligation, without which it cannot exist. Hence whether we consider this suit to be ·for the specific performance of a contract to convey an interest in land or to foreclose a lien for plaintiffs' compensation, which they. allege to be a portion of that land, the final result must depend upon whether there was a sufficient agreement for that compensation, because without the contract there can be no lien to secure it.

"No estate or interest in real property other than a lease for a term not exceeding one year, nor any trust nor power concerning such property can be created, transferred, or declared otherwise than by operation of law or by a conveyance or other instrument in writing, subscribed by the party conveying, transferring, or declaring the same, or by his lawful agent under written authority and executed with such formalities as are required by law." Sec. 808, L. O. L. "In the following cases the agreement is void unless the same or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party to be charged, or by his lawfully authorized agent; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents, in the cases prescribed by law: * * (6) An agreement for the leasing, for a longer period than one year, or for the sale of real property, or of any interest therein." Section 808, L. O. L.

By analogy at least, contracts of the kind mentioned in this suit are held void as being within the statute of frauds unless in writing in the cases of *Jackson* v. *Stearns,* 48 Or. 25 (84 Pac. 798: 5 L. R. A. [N. S.] 390) ; and *Jackson* v. *Stearns,* 58 Or. 57 (113 Pac. 30). See, also *Chenoweth* v. *Lewis,* 9 Or. 150.

2. The plaintiffs contend, however, that, having rendered the services as attorneys in securing the land for the Belt Line Railway Company, that performance takes the case out of the statute of frauds, and authorizes a decree in their favor for the interest in the land which

they claim. Performance of the services is all they urge. They do not pertend to have ever taken possession of the land in any sense of the word or to have made any improvements thereon. They do not establish any condition in which an action at law on the *quantum meruit* would not completely reimburse them for their services. The case they make is one tantamount to where the supposed purchaser has only paid the purchase price and nothing more. This is not such a part performance of an oral contract to convey land as to overcome the plea of the statute. *Cooper* v. *Thomason,* 30 Or. 161, (45 Pac. 296). The result is the same whether the purchase price be paid in money or in personal services. *Edwards* v. *Estell,* 48 Cal. 194; *Webster* v. *Gray,* 37 Mich. 37; *Temple* v. *Johnson,* 71 Ill. 13; *Horn* v. *Ludington,* 32 Wis. 73; *Russell* v. *Briggs,* 165 N. Y. 500 (59 N. E. 303: 53 L. R. A. 556).

The decree of the circuit court must be reversed, and one entered here dismissing the suit.

REVERSED: SUIT DISMISSED.