Argued October 2, decided October 8, 1912.

### ROADMAN *v.* HARDING.

(126 Pac. 993.)

**Specific Performance — Contracts Enforceable — Certainty — Description of Subject-Matter.**

1. To justify specific performance of an oral agreement to convey land, the land must be so described as to render its identity certain, in order that the court may make a specific decree that a particular tract of land be conveyed.

**Specific Performance — Contracts Enforceable — Certainty — Description of Subject-Matter.**

2. In an oral agreement to convey land, a description of the premises as "the twenty acres, including a barn and two houses, running to the river below and above the rapids, including the rapids," is too indefinite to justify specific performance of the agreement.

**Specific Performance — Part Performance of Oral Contracts.**

3. To justify specific performance of oral agreements to convey land, there must have been performance of the agreement by plaintiff to such an extent as to render it inequitable to deny him the specific relief claimed.

Specific Performance—Inadequate Remedy at Law.

4. A person performing services for another, under an oral agreement to convey land in payment thereof, cannot have specific performance of the agreement, where he has a plain, adequate, and complete remedy at law to recover. the value of his services.

Specific Performance—Part Performance of Oral Contracts—Acts
.     Constituting.

5. By an oral agreement, defendants agreed that if plaintiff would procure an option to purchase certain land they would buy the land and convey a part to plaintiff in payment of his services. Plaintiff procured the option, and after it had expired defendants purchased the land direct from the owner. Held, that there was not such part performance of the oral agreement as would take the case out of the statute of frauds; the payment of the purchase price, either in money or service, not constituting sufficient part performance.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. JUSTICE BURNETT.

This is a suit by Herbert B. Roadman against W. C. Harding, Ada Harding, his wife, R. W. Hinkley, and Catherine Hinkley, his wife. The essence of the complaint is that at Roseburg, Oregon, about December 15, 1908, plaintiff entered into an agreement with the two husbands, by which he was to secure an option from the owners thereof for the purchase by the plaintiff of 368 acres of land in Douglas County for the sum of $14,000, and that they would pay the purchase price, take title to the land, and, in consideration of plaintiff's services, rendered in securing the option, they would convey to him the 20 acres of land which he describes in detail in his complaint. His grievance consists in the fact, as he alleges, in substance, that the defendants waited until the option had expired, and then, for the purpose of defrauding him, purchased the land direct from the owner, took title in the name of the two wives, and now refuse to convey to him the 20 acres agreed upon. The

prayer of the complaint is in effect that the defendants be enjoined from selling the 20-acre tract; that it be decreed to be held in trust by the defendant wives; and that all the defendants be required to make conveyance of the same to the plaintiff.

The defendant husbands joined in an answer denying the allegations of the complaint in toto, so far as they pretend to establish any contractual relation between them and the plaintiff. The defendant wives deny every allegation of the complaint, except that they hold the land in their own names, and that they are the wives of their respective husbands. They then assert that they purchased the property with their own money, and without any notice or knowledge of any option or claim on the premises by the plaintiff. The reply traverses the affirmative matter of all the answers. After a hearing in the circuit court, that tribunal dismissed the suit, and the plaintiff appeals.          AFFIRMED.

For appellant there was a brief over the names of *Messrs. Cardwell & Watson,* with an oral argument by *Mr. James O. Watson.*

For respondents there was a brief over the names of *Messrs. Coshow & Rice,* with an oral argument by *Mr. Dexter Rice.*

MR. JUSTICE BURNETT delivered the opinion of the court.

Reduced to its lowest terms, the plaintiff's complaint amounts to the assertion that he rendered services for the defendant husbands, in that he procured an option for the purchase of the lands in question in his own name, which the defendant husbands agreed to take up, and to pay for the land, and afterwards to convey to him 20 acres thereof as compensation for his services. It is not pretended that this agreement was reduced to writing, or that the plaintiff advanced any money whatever which went into the purchase of the land. It is not contended on part of the plaintiff that the land was pur-

chased during the life of the option. On the contrary, he admits that the option expired, and that afterwards the land was purchased in the name of the wives and title taken to them. Neither is it pretended that the plaintiff was ever in possession of the land, or any part thereof, at any time during his alleged contractual relations with the defendant, or since then. Although the tract of 20 acres is described in the complaint by metes and bounds, the only description given by the plaintiff in his testimony, and which he says was made at the time the agreement was entered into, is in these words:

"The 20 acres, including the barn and two houses, running to the river below and above the rapids, including the rapids."

1,2. This is essentially a suit to compel specific performance of a parol agreement to convey land. It is necessary, in the first place, that the land be so described as to render its identity certain, in order that the court may make a specific decree that a particular tract of land be conveyed. The description here is too indefinite to authorize the court to make such a decree.

3, 4. Again, it is necessary, in order to support a decree for specific performance based upon mere verbal dealings between the parties, that there be performance of the agreement by the plaintiff to such an extent as to render it inequitable to deny him the specific relief claimed. If he has a plain, adequate, and complete remedy at law to recover the value of his services, he cannot have specific performance of the oral agreement which he describes.

The utmost that the plaintiff can claim in this case is that he has rendered services for the defendants, or some of them, for which he has not been reimbursed. In such a case an action at law on the *quantum meruit* would completely right any wrong which the plaintiff has suffered on account of the refusal of the defendants to comply with their alleged contract.

5. Conceding all the plaintiff's testimony at its full value, it does not show such a part performance of an oral contract to convey land as to take the case out of the statute of frauds. *Cooper* v. *Thomason*, 30 Or. 161 (45 Pac. 296). The result is the same, whether the purchase price was paid in money or personal services. *Edwards* v. *Estell*, 48 Cal. 194; *Webster* v. *Gray*, 37 Mich. 37; *Temple* v. *Johnson*, 71 Ill. 13; *Horn* v. *Ludington*, 32 Wis. 73; *Russell* v. *Briggs*, 165 N. Y. 500 (59 N. E. 303: 53 L. R. A. 556); *Farrin* v. *Matthews*, 62 Or. 517 (124 Pac. 675.)

The decree of the court below is affirmed.

AFFIRMED.