[No. 5715.]

THE WINDSOR RESERVOIR AND CANAL COMPANY ET AL.
v. THE HOFFMAN MILLING COMPANY.

1. **Water Rights—Appropriation—What is the Subject of Appropriation**—The point of diversion of water for a beneficial use is not a controlling factor in effecting an appropriation. Waters appropriated for the operation of a mill are the subject of a subsequent appropriation, to take effect when the waters are not needed by the mill owner. The one first in time to apply the water to a beneficial purpose, when not applied by the mill owner, is the first in right, whether his diversion is made below the tail of the mill-race, or above it.—(87, 88)

2. **Cases Overruled, Explained or Distinguished**—It is not the doctrine of Cache la Poudre Co. v. Water Supply Co., 25 Colo. 162, 27 Colo. 532, that the appropriation made by a mill owner for the operation of his mill is thereby segregated from the volume of the stream and must thereafter, whether in use or needed by the mill owner or not, go down the stream, subject to appropriation only by those diverting it below the tail-race. The only proposition there determined is that the first appropriator of water to a beneficial use is the first in right; and this was the interpretation given to these opinions in Windsor Co. v. Lake Supply Co., 44 Colo. 214.—(86-88)

3. **Appropriation—Sale or Abandonment of Right**—A mill owner having made an appropriation of water for the operation of his mill, may not in any wise lawfully dispose of that right to another to be applied to a different use at any point on the stream, so as to injuriously affect the prior appropriator of the particular water used for the operation of the mill, at a point below the mill, after its discharge therefrom.—(88)

*Appeal from Larimer District Court* — Hon.
JAMES E. GARRIGUES, Judge.

Mr. JAMES W. McCREERY, for appellants.

Mr. L. R. RHODES, and Mr. P. W. LEE, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This action by The Hoffman Milling Company, a Colorado corporation, appellee, as plaintiff, against

The Windsor Reservoir and Canal Company, appellant, and others, as defendants, was brought for equitable relief by way of injunction. The complaint, among other things, avers that The Hoffman Milling Company is a milling and manufacturing corporation; that on or about the first day of April, 1894, it commenced the construction of a mill-race to take water from the Cache la Poudre river, below the town of Fort Collins, to procure water for power purposes, and thereafter diverted water for that use, whenever the same could be obtained, up to the time of the commencement of this suit.

The complaint also shows that another milling company had, by means of the Mason & Hottel mill-race, so called, theretofore made an appropriation, to the extent of sixty cubic feet of water per second, also for power purposes, from the same stream, above the city of Fort Collins, and had diverted water to operate its mills from 1868 to 1894, when the plaintiff company commenced the construction of its mill and mill-race; that the water diverted through the Mason & Hottel mill-race was returned to the river by a tail-race at a point above the location of the headgate of the Hoffman mill-race; that by reason of the return of this water to the river from the upper mill to the lower mill the plaintiff, as owner of the lower mill-race, claims the right to take the water from the tail-race of the upper mill for its use to the exclusion of all other appropriators of this water, above the tail-race of the old mill, without regard to the date of appropriation above the tail-race. And further that The Windsor Reservoir and Canal Company, being the owner of a reservoir for the storage of water for irrigation and agricultural purposes, with a decreed right as of date prior to July, 1890, had diverted and sought to divert water from the Cache la Poudre river at a point above said

tail-race, for the filling of its reservoir, whenever it could obtain the same from the river, and when the appropriation of the sixty cubic feet of water of the upper mill was not actually in use, and thus thereby deprived, as is said, the lower mill of the use of the water for propelling its machinery, which the upper mill had appropriated long prior thereto, and which was accustomed to flow on down, after being used by the upper mill, to the lower, or Hoffman mill-race.

The answer of The Windsor Reservoir and Canal Company alleges that it had made an appropriation of water for filling its reservoir as of date July 8, 1890, and that from and after that date it had diverted water for such purpose from the Cache la Poudre river, whenever the same could be obtained, without interfering with the rights and use of prior appropriators, including the first mill appropriation; that the reservoir company had used, at times, the sixty feet of water or an amount equivalent thereto, for storage purposes, when the same, for any reason, was not being used to supply the old mill appropriation; that, subject to the rights of the latter, and the use of water by it when actually required, the said reservoir company claimed the right to use that particular water, or any water found flowing in the Cache la Poudre river, by virtue of a prior appropriation thereto, for storage in its reservoir, at stated intervals of time, as against any right acquired by The Hoffman Milling Company under its appropriation.

At the conclusion of the trial the court found in substance that The Windsor Reservoir and Canal Company had made an appropriation out of the Cache la Poudre river, for storage purposes, of waste, nonused and winter waters as of date prior to July, 1890; that The Hoffman Milling Company had an appropriation, for the purpose of propelling its

mill machinery, of fifty cubic feet, as of date April 1, 1894, diverted below the return point to the river from the Hottel mill-race; and that the date of appropriation of the Mason & Hottel mill-race was of date 1868, for sixty cubic feet of water per second of time, also for power purposes. Under this state of facts the court held in effect, without reference to the prior appropriation of The Windsor Reservoir and Canal Company for storage purposes, that The Hoffman Milling Company was entitled, to the extent of its appropriation, to the undisturbed and constant enjoyment of water from the Cache la Poudre river, below the tail-race of the old mill, in the same manner as if the old mill-race diverted its sixty feet of water per second of time, continuously, and discharged the same back into the river. That the new mill-race should be held to be first appropriator of the particular water appropriated and used by the old mill, without regard to claims of intervening appropriators from the river, between the dates of 1868 and April 1, 1894, diverting water from a point or points above the tail-race of the old mill. The court in reaching this conclusion was constrained to do so, in obedience to what it understood to have been decided by this court in the so-called *Mill-race case,* wherein The Cache la Poudre Reservoir Company was appellant, and The Water Supply and Storage Company *et al.* were appellees, reported for the first time in 25 Colo. at page 161 and again in 27 Colo. at page 532. In its opinion, at the trial of this case, the court below, among other things, predicating its remarks upon its construction of what was determined by this court in those decisions, had this to say:

"The Windsor Reservoir Company with its headgate above the Hottel discharge cannot ask to have this water distributed to it on its original reser-

voir priority to the prejudice or injury of the Hoffman priority and the appropriation of this particular water. As against such appropriators of the Hottel mill appropriation below the mill discharge, no appropriator with headgate on the stream above can ask to have this water diverted in order of their original priority; on the contrary, the appropriators of this water below the Hottel mill-race discharge may ask to have it diverted in order of their priority as against those having earlier original priorities on the stream above the point of the mill discharge.''

We waive a consideration of all other error assignments and dispose of the case upon the fundamental point involved, it being the one upon which the trial court bases its decision. The judgment and decree here is founded solely upon the interpretation, by the court below, of the opinions in the *Reservoir Company v. Water Company, supra,* to the effect, as above indicated, that the sixty (60) cubic feet of water appropriated by the Mason & Hottel mill-race was a segregation thereof from the general waters of the stream, which must thereafter be allowed to, whether used or not, or whether needed for use, by the Mason & Hottel mill-race, go down the river, subject to re-appropriation only by those taking water from the stream at a point below the tail of the old mill-race. That is, that this water was not subject, and could not be subject, to appropriation by those diverting water from a point above the old mill tail-race. No such holding was ever intended by this court, and no such thing was in fact held or decided in the opinions above referred to.

The point of diversion of water for a beneficial use is a mere incident, and is in no sense a controlling factor in effecting an appropriation. This is just as true of the waters involved in the Mason & Hottel mill-race appropriation as it is generally of the waters

of a natural stream. Whenever the waters constituting this particular appropriation were not in use, or were not needed for use by the milling company, and were by it left in the stream, they were as subject to appropriation and use during such times, at any point upon the river, either above or below the tail of the old mill-race, as were any of the other unused or unappropriated waters of the stream, and the one first in time to actually take and apply this water to a beneficial purpose, when not being used by the milling company, is the first in right, whether such a one has his point of diversion above the tail of the old mill-race or below it. An analysis of those opinions will disclose that they announce no other or different doctrine than the foregoing. The vital and essential proposition there involved and decided, indeed the only one necessary to be, and the only one in fact determined, a proposition fundamental in this case, is that the prior appropriator of water to a beneficial use is first in right. While it may be true that certain expressions made use of in those opinions, when standing alone, give some color of support to the contention that a modification of this principle has been announced, still when these expressions are taken and considered in connection with the peculiar facts of that particular case, as they must be, and with the opinions themselves as a whole, it is clear that there was no intention to modify, and that in fact there has been no modification of, this cardinal principle. If anything, outside of the opinions themselves, is needed to establish and show the fact that the construction here given to those opinions is correct, such helpful support is abundantly found in the opinion of this court in *The Windsor Reservoir and Canal Company et al. v. The Lake Supply Ditch Company et al.*, 44 Colo. 214, where they received a construction precisely in conformity with the views here ex-

pressed, and exactly contrary to the construction given them by the trial court in that case, which construction of the trial court there was identical with the view adopted by the same court at the trial of this case. That interpretation, on the authority of the case last above referred to, may not be permitted to stand. The opinion of this court last above referred to is decisive of and rules the case at bar, and requires its reversal.

To the extent, both in time and volume, to which The Windsor Reservoir and Canal Company had, by diversion and application to a beneficial use, made a prior appropriation of the sixty cubic feet of water of the old mill-race appropriation, when the same was not in use, and was not needed for use thereunder, before The Hoffman Milling Company made its appropriation, the former company is entitled, as against the latter one, to continue to divert and use the same, as theretofore diverted and used. The question of the extent of this right is purely one of fact to be determined in a proper proceeding for that purpose.

Referring briefly to the question of the right of the owner of the Mason & Hottel mill-race appropriation, which is discussed in the briefs, to sell the same to one diverting it above the tail of its mill-race, which question is only incidentally involved here, as we view the matter, the court having decided the controversy upon the point above discussed, it is proper to say that, as against a vested right of a user and appropriator of this particular water, below the tail-race of the old mill appropriation, the owner of the Mason & Hottel mill-race right cannot in any wise lawfully dispose of that right to another, to be applied to a new and different use, either above the tail of the mill-race, or at any other point on the stream, so as to adversely interfere with or injuriously affect

the vested right of such other appropriator. In short, the relative rights to the use of this particular water depend upon and must be governed by the doctrine of prior beneficial use and appropriation thereof, both as to the volume of use and length of time for which use has been made of it, all parties being limited, both in point of time of use and volume, by the facts of each particular case.

The judgment and decree is reversed and the cause remanded to the court below for further proceeding, in conformity with the views here expressed.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.

Decided February 7, A. D. 1910; rehearing denied June 6, A. D. 1910.