364 P.2d 138

SOONER PIPE & SUPPLY CORP., an Oklahoma Corporation,
Plaintiff-Appellee,

v.

T. J. DOERRIE, Defendant-Appellant.

No. 6806.

Supreme Court of New Mexico.

Aug. 16, 1961.

Adams, Foley & Calkins, Albuquerque, for appellant.

Owen B. Marron, David W. King, Albuquerque, for appellee.

NOBLE, Justice.

Plaintiff sued for $9,302.69, together with interest, on an open account for goods, wares and merchandise sold and delivered to defendant. The answer raised two defenses: (1) that the complaint failed to state a claim upon which relief can be granted, and (2) a general denial. A jury was demanded by defendant.

Motion for summary judgment was filed to which was attached an affidavit by a vice-president of plaintiff's corporation. Based upon the affidavit and pre-trial deposition of defendant, the trial court, pursuant to Rule 56(c), found generally that there was no substantial issue of fact and granted plaintiff a motion for summary judgment and thereafter entered judgment for the amount prayed for. This appeal results.

Defendant insists that substantial issues of fact were unresolved; that the evidence as to whether the sale was made to defendant or to Lost Canyon Oil and Uranium Company was conflicting and that summary judgment was erroneously entered.

The pertinent part of Sec. 21–1–1(56) (c), N.M.S.A.1953 Comp. reads:

" * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

We are thus called upon to determine whether the trial court correctly sustained plaintiff's motion for summary judgent. A motion for summary judgment should not be granted when there is a genuine issue of material fact and it is not a substitute for a trial. Michelson v. House, 54 N.M. 197, 218 P.2d 861; McLain v. Haley, 53 N.M. 327, 207 P.2d 1013; Agnew v. Libby, 53 N.M. 56, 201 P.2d 775.

"Litigants are entitled to the right of trial where there is the slightest doubt as to the facts." Michelson v. House, supra [54 N.M. 197, 218 P.2d 863]; Whitaker v. Coleman, 5 Cir., 115 F.2d 305; Ginn v. Mac Aluso, 62 N.M. 375, 310 P.2d 1034.

In resolving the question as to whether summary judgment should be granted, the trial court does not weigh the evidence, nor do we; but the pleadings, affidavits and admissions, if any, must be viewed in the most favorable aspect they will bear in support of the right of the party opposing the motion to a trial of the issues. Ginn v. Mac Aluso, supra.

Turning then to the record before us, we find that the affidavit of Henry Zarrow, vice-president of plaintiff's corporation, merely states that through investigation by a financial media, he was informed that the oil and gas leases were in the name of defendant and that defendant contracted in his name for the drilling of the wells and had a good financial rating and that affiant had no knowledge that defendant was not the actual purchaser of the supplies from plaintiff. The affidavit does not state that the supplies were actually ordered by defendant or that any of the dealings were with defendant personally. Defendant's pre-trial deposition shows he was president of Lost Canyon Oil and Uranium Company; that the leases on which the merchandise purchased from plaintiff was used, while held in defendant's name, were actually the property of the corporation; that the drilling on the leases was by Bob Murphy, an employee of, or contractor employed by, Lost Canyon Oil and Uranium Company. Defendant's testimony was further that he did not personally order the supplies but that they were ordered by Mr. Murphy and that Mr. Murphy was authorized by the corporation to make the purchases for the corporation. No testimony or admissions have been pointed out to us showing any direct representation that the goods were purchased by defendant per-

sonally or that he would be personally responsible for payment.

 Where the facts are not clear and undisputed, summary judgment should not be granted. It will be granted only where the moving party is entitled to the judgment upon clear and undisputed facts as a matter of law.

Plaintiff urges that it is entitled to summary judgment as a matter of law upon the principle that an agent who deals in his own name without disclosing his principal is personally liable. The fallacy in this assertion is that there is no evidence that defendant dealt with plaintiff at all. The assumption by plaintiff that the goods were for defendant is not enough, nor is the fact that defendant, as president of the corporation, authorized the driller, Murphy, to make the purchases for the corporation. Plaintiff further asserts that a sub-agent may subject the appointing agent to liability to third persons for his acts within the scope of his employment. Again, there has not been pointed out to us any evidence that Murphy, the sub-agent, represented to plaintiff that the purchases were for defendant.

On the foregoing facts, plus inferences properly deducible therefrom, we feel compelled to hold that there may be issues.of fact to be resolved and summary judgment should not have been granted where there is the slightest doubt as to the facts.

The cause is remanded with directions to set aside and vacate the summary judgment and to proceed further in a manner not inconsistent with the views expressed herein.

It is so ordered.

CARMODY and CHAVEZ, JJ., concur.

COMPTON, C. J., and MOISE, J., not participating.