383 P.2d 240

**S. E. HUBBARD, Plaintiff-Appellant,**

**v.**

**Stanley H. MATHIS, L. C. Henslee, S. E. Henslee, Western Development Corporation (NSL), a corporation, Office Heights, Inc., a corporation, and San Juan Homes, Inc., a corporation, Defendants-Appellees.**

**No. 7239.**

Supreme Court of New Mexico.

July 8, 1963.

NOBLE, Justice.

The single question presented by this appeal is whether, giving the plaintiff the benefit of all reasonable inferences to be drawn from the pleadings, depositions and affidavit, and resolving all doubts as to the existence of a fact issue against the defendants, summary judgment was properly issued in defendants' favor.

The pleadings, depositions and affidavit of plaintiff show that an oral contract was entered into in 1956 between plaintiff and Mathis, representing the defendants, by which plaintiff agreed to move from Roswell, New Mexico to Farmington, New Mexico to act as sales manager for defendants. Defendants were engaging in the housing-construction business in Farmington, and in connection therewith intended to construct and own, as an investment, a shopping center. Plaintiff had worked for defendants in Roswell, in a similar capacity, for six years. It is agreed that he was to receive an annual salary of $10,000.-00, and, in addition, ten per cent of the net profit from the construction and sale of houses. No controversy exists regarding that part of the agreement and he was paid on that basis.

Plaintiff claims that, in addition, it was agreed that he was to receive an interest equal to ten per cent of the value of the investment properties. He asserts that part-

Smith, Kiker & Ransom, Albuquerque, for appellant.

Schauer & Stiff, Roswell, for appellees.

ly through his efforts defendants constructed some thirty-five houses, an office building, and a warehouse, which are owned by defendants and leased for a period of years to an oil company.

The present suit is (1) for specific performance of the oral contract to convey to plaintiff an undivided interest in the real estate representing the investment properties, or in the alternative, for judgment against the defendants for the value of such interest; (2) to declare a constructive trust in plaintiff's favor to the extent of such interest; and (3) to declare plaintiff's right with respect to said real estate.

Answers were filed which, among other things, deny an agreement that plaintiff was to have a ten per cent interest in the real estate representing the investment interest and pleading that the alleged oral contract respecting such real estate is within the statute of frauds and unenforceable. The pre-trial depositions of the parties were taken and plaintiff filed an affidavit in answer to defendants' motion for summary judgment. The trial court entered its summary judgment, determining that no material issue of fact exists and that defendants were entitled to judgment as a matter of law. This appeal is from the summary judgment.

On motion for summary judgment, the pleadings, depositions, affidavit and ad-

missions must be viewed in the most favorable aspect they will bear in support of the party opposing the motion. Ginn v. Mac Aluso, 62 N.M. 375, 310 P.2d 1034; Sooner Pipe & Supply Corp. v. Doerrie, 69 N.M. 78, 364 P.2d 138. Summary judgment will be granted only where the moving party is entitled to the judgment upon clear and undisputed facts, as a matter of law. Rules of Civil Procedure, Rule 56(c) (§ 21–1–1 (56) (c), N.M.S.A.1953); Srader v. Pecos Constr. Co., 71 N.M. 320, 378 P.2d 364. The controversy is thus limited to whether the oral contract by which plaintiff claims to be entitled to a ten per cent interest in the investment properties has been removed from the statute of frauds by complete performance as alleged by plaintiff.

Although it is clear that there is a dispute between the parties on the issue of whether such a provision existed in the contract, that is not the issue on the appeal. The remainder of the contract, i. e., the salary and the percentage of the profits, has been completely performed. The only question on the appeal is whether the services which appellant rendered with respect to the investment properties were of a type which would remove this provision of the alleged contract from the bar of the statute of frauds. Unless these services are of such a nature as to render them incapable of compensation by any pecuniary standard, or if they cannot be compensated for on the

basis of quantum meruit, they are not of the peculiar character requisite to a removal of this contract from the statute of frauds. It follows that if the contract cannot be removed from the statute, it cannot be specifically enforced.

· In oral argument, plaintiff waived his contention of estoppel to assert the defense of the statute of frauds, leaving only the assertion that the oral contract is removed from the statute of frauds because of full and complete performance by plaintiff.

■ It is true that equity will regard the bar of the statute of frauds as removed when one party has so far performed his part of its terms that it would amount to a fraud on him to permit the other party to use the defense of the statute of frauds. Whelan v. New Mexico Western Oil & Gas Co. (10th Cir., 1955), 226 F.2d 156; Holton v. Reed (10th Cir., 1951), 193 F.2d 390, 394. But where the contract is one for conveyance of real estate and the performance relied upon to remove it from the statute of frauds consists of services rendered, the services must be of such exceptional or extraordinary nature that they are incapable of compensation measured by definite monetary standards. Paulos v. Janetakos, 41 N.M. 534, 72 P.2d 1; In re McGee's Estate, 46 N.M. 256, 127 P.2d 239; Fullerton v. Kaune, N.M., 382 P.2d 529; Whelan v. New Mexico Western Oil & Gas Co., supra.

■ Plaintiff argues that the services rendered by him were of such exceptional and extraordinary nature. He alleged and testified in his deposition that he removed from Roswell to Farmington in reliance upon the oral contract, and contends that even though he did receive the salary and commission on sales of real estate that nevertheless, in reliance on that part of the contract relating to an interest in investment property, he expended his talents and altered his economic position, and that these are extraordinary and exceptional services.

We are unable to perceive anything unusual or extraordinary in the character of the services which plaintiff contends he agreed to perform for defendants, nor why, upon proper proof, they could not be adequately compensated in money. They are such as any manager or sales manager of organizations similar to defendants' usually perform upon an express or implied contract for an agreed or implied pecuniary consideration. The plaintiff, therefore, has neither alleged nor testified to a performance of the contract in a manner and to an extent which removed it from the statute. Hall v. Haer, 160 Okl. 118, 16 P.2d 83; Whelan v. New Mexico Western Oil & Gas Co., supra; Bahnsen v. Walker, 89 Okl. 143, 214 P. 732; Andrews v. Aikens, 44 Idaho 797, 260 Pac. 423, 69 A.L.R. 8; Farrin v. Matthews, 62 Or. 517, 124 P. 675, 41 L.R.A.,N.S., 184.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.