419 P.2d 452

**Claude MIZER, Executor of the Estate of Marie Thompson Mizer, Deceased, Plaintiff-Appellant,**

v.

**SOUTHERN PACIFIC COMPANY, a corporation, Defendant-Appellee.**

**No. 7940.**

Supreme Court of New Mexico.

Oct. 24, 1966.

Schaber & Arthur, Deming, Fred J. Pain, Jr., Phoenix, Ariz., for appellant.

White, Gilbert, Koch & Kelly, Santa Fe, for appellee.

OPINION

E. T. HENSLEY, Jr., Chief Judge, Court of Appeals.

The plaintiff, executor, sought to recover damages in a wrongful death action. The defendant, Southern Pacific Company, was alleged to be the employer of the co-defendant, Ramon V. Mendoza.

After the joinder of issue and the taking of depositions the defendant, Southern Pacific Company, moved for summary judgment in its favor. From an order granting the motion the plaintiff has prosecuted this appeal

The appellant contends that summary judgment was improper because there were genuine issues of material facts, that is, whether the defendant employee was acting within the scope of his employment and with the consent of the defendant employer at the time of the accident.

In considering the merits of a motion for summary judgment it is not the function of the trial court to weigh the evidence. In reviewing the action of the trial court it is not the function of this court to weigh the evidence. The use of summary judgment is permitted only where the facts are clear and undisputed. Sooner Pipe and Supply Corporation v. Doerrie, 69 N.M. 78, 364 P.2d 138. Here the defendant appellee has denied that the defendant Mendoza was acting within the scope of the employment and with the consent of the appellee. It is to be noted that the answer filed by the appellee admits ownership of the vehicle driven by the defendant Mendoza. In Morris v. Cartwright, 57 N.M. 328, 258 P.2d 719, we stated, " * * * It must be conceded that proof or admission of ownership creates a presumption that the driver of a vehicle causing damages is the servant of the owner and using the vehicle in the master's business, and this presumption is sufficient in the absence of evidence to the contrary to support a verdict." It is true that there was evidence in the deposition contrary to the presumption and there was also contradictory evidence by the same deponents. Without indulging in any opinion as to which version of the evidence is convincing we can only say that reasonable men might reach different conclusions and in such a situation summary judgment should be denied.

Examination of the pleadings and contradictions in the depositions giving rise to the question of credibility combine to impress, this court that there are genuine issues of facts to be resolved.

The fact situation in this case distinguishes it from the undisputed facts in Lang v. Cruz, 74 N.M. 473, 394 P.2d 988, where the employee was acting contrary to express instructions and it was the first time that he had done so.

The case is remanded to the trial court with direction to set aside the summary judgment and proceed in a manner consistent herewith.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.