428 P.2d 651

**Austin J. WORLEY, Plaintiff-Appellant,**

v.

**UNITED STATES BORAX AND CHEMICAL CORPORATION and Southwestern Public Service Company, Defendants-Appellees.**

**No. 8245.**

Supreme Court of New Mexico.

May 29, 1967.

Charles D. Harris, Roswell, for appellant.

Hinkle, Bondurant & Christy, Paul W. Eaton, Jr., Harold L. Hensley, Jr., Roswell, for Southwestern Public Service Co.

Stagner, Sage, Walker & Estill, Carlsbad, Frazier, Cusack & Schnedar, Roswell, for United States Borax & Chemical Corp.

## OPINION

WOOD, Judge, Court of Appeals.

The appeal involves the right to water of a downstream senior appropriator as against upstream junior appropriators. All water rights involved are rights to divert water from the Pecos River.

Plaintiff alleged that he had the use of a water right senior to the rights of Public Service (Southwestern Public Service Company) and the City of Carlsbad. He alleged that he shared a portion of this senior right with Borax (United States Borax and Chemical Corporation). An undisputed affidavit shows that Borax had additional rights junior to the senior right shared with plaintiff. Plaintiff takes his water downstream from all of the defendants.

Plaintiff complained that his senior right was not satisfied in 1964 and he suffered damage because he did not have sufficient water to properly irrigate his crops. He

alleged that each of the defendants failed to allow sufficient water to reach plaintiff's point of diversion, that each of them diverted water belonging to plaintiff and that they knew or should have known that they were taking water that belonged to plaintiff.

Public Service and Borax moved for summary judgment, supporting their motions with affidavits which were not opposed. The substance of the affidavits is:

(1) Public Service maintains Tansill Dam on the Pecos River. It has the responsibility to receive and consider requests to release water from the dam. Two such requests were received and honored in 1964. Neither request involved the plaintiff.

(2) At no time in 1964 did plaintiff make any demand upon Borax for water in addition to the water plaintiff was receiving, nor did plaintiff advise Borax of any error in the division of the water between them.

(3) Neither the State Engineer nor the water master for the Pecos Valley Surface Water District received a request or demand from plaintiff in 1964 to restrict, divide or otherwise apportion Pecos River water in accordance with licenses issued by the State Engineer or court adjudications of water rights.

The trial court granted summary judgment in favor of Public Service and Borax. Plaintiff's appeal raises two issues.

He first contends that summary judgment was improper because the affidavits did not controvert " * * * issues raised * * *" by the complaint. The contention is without merit.

▇▇▇ Summary judgment is proper when there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. Section 21–1–1(56) (c), N.M.S.A.1953; Institute for Essential Housing, Inc. v. Keith, 76 N.M. 492, 416 P.2d 157 (1966). If the affidavits do not controvert such facts as are alleged in the complaint, then the facts alleged in the complaint are not disputed. If upon

consideration of all material undisputed facts, a basis is present to decide the issues as a matter of law, summary judgment is proper.

▇▇▇ Plaintiff did not own or have a right to specific water; his right was a right to take a given quantity of water for a specified purpose. Snow v. Abalos, 18 N.M. 681, 140 P. 1044 (1914); State ex rel. State Game Commission v. Red River Valley Co., 51 N.M. 207, 182 P.2d 421 (1945). Thus, the allegations of the complaint concerning water belonging to plaintiff are in effect allegations of a right to divert water of a given quantity for a specified purpose.

It is not disputed that plaintiff had a senior right to divert water, that Borax and Public Service failed to allow the quantity of water named in that senior right to reach plaintiff's point of diversion or that they knew or should have known they were taking water that plaintiff had a right to divert for the use on which the senior right was based. However, Borax and Public Service assert that these facts are not decisive or determinative.

Borax and Public Service had a right to divert water under their junior appropriations, and their right to do so is not disputed.

Plaintiff's second contention is:

"AS SENIOR APPROPRIATOR PLAINTIFF IS ENTITLED AS AGAINST ALL SUBSEQUENT CLAIMANTS TO THE EXCLUSIVE USE OF THE WATER TO THE EXTENT OF HIS APPROPRIATION WITHOUT DIMINUTION OR MATERIAL ALTERATION IN QUANTITY OR QUALITY."

This contention poses no issue as between plaintiff and Borax concerning the sharing of the senior right. It presents a question between plaintiff as holder of the senior right and Borax and Public Service as holders of junior rights.

It is undisputed that plaintiff made no demand upon Public Service for water, upon Borax for water in addition to what he was receiving or upon the State Engineer or the water master for a division or apportionment of water.

Vogel v. Minnesota Canal & Reservoir Co., 47 Colo. 534, 107 P. 1108 (1910), stated:

" * * * [W]here one has the first priority on a stream, taking water out at the lowest point thereon, it does not follow that junior appropriators, up the stream, must at all times and under all conditions, let sufficient water remain therein and flow past their headgates to supply that priority. The senior appropriator may lawfully demand that he have at his headgate sufficient water to supply his present needs, and if that result be obtained, * * * the senior appropriator has no just ground of complaint. * * * "

Cook v. Hudson, 110 Mont. 263, 103 P.2d 137 (1940), states:

" * * * It is a fundamental principle of water right law that a prior right may be exercised only to the extent of the necessities of the owner of such prior right and when devoted to a beneficial purpose within the limits of the right. When the one holding the prior right does not need the water, such prior right is temporarily suspended and the next right or rights in the order of priority may use the water until such time as the prior appropriator's needs justify his demanding that the junior appropriator or appropriators give way to his superior claim. * * * "

See Rogers v. Nevada Canal Co., 60 Colo. 59, 151 P. 923 (1915); Donich v. Johnson, 77 Mont. 229, 250 P. 963 (1926).

Plaintiff contends that he has the right to have sufficient water reach his diversion point to satisfy his appropriation; thus, any diversion by defendants in satisfaction of their junior rights is at their peril. This contention opens up the possibility of wasting water. Once the water passes the diversion point of the upstream appropriator, his opportunity to use the water is lost. If the downstream appropriator does not use the water, the opportunity to use this water is wasted. This is not the law.

N.M.Const. art. 16, § 3 provides:

"Beneficial use shall be the basis, the measure and the limit of the right to the use of water."

■ An appropriator can take only such water as he can beneficially use. State ex rel. Erickson v. McLean, 62 N.M. 264, 308 P.2d 983 (1957).

■ If the downstream senior appropriator does not need the amount of water authorized for use under his appropriation, he has no right to have this water reach his diversion point. In such a situation, upstream junior appropriators may use the water. See Knutson v. Huggins, 62 Idaho 662, 115 P.2d 421 (1941); Windsor Reservoir & Canal Co. v. Hoffman Milling Co., 48 Colo. 82, 109 P. 422, 30 L.R.A.,N.S., 615 (1910).

■ The downstream senior appropriator is entitled to use water to the extent of his needs, and within his appropriation. If needed, and if the water is not reaching his diversion point, he must make his needs known. Vogel v. Minnesota Canal & Reservoir Co., supra; Cook v. Hudson, supra.

We are not required to decide whether the demand must be made upon the State Engineer (see §§ 75–2–1 and 75–2–9, N.M. S.A.1953), the water master (see §§ 75–3–1 and 75–3–2, N.M.S.A.1953), the upstream junior appropriators or one or more of them. Here, it is undisputed that no demand of any kind was made.

■ Public Service and Borax cannot be liable for plaintiff's shortage of water unless plaintiff demanded that water, to the extent of his needs and within his senior appropriation, be allowed to reach his diversion point. The absence of such a de-

mand was decisive. Summary judgment was properly granted.

The judgments are affirmed.

It is so ordered.

MOISE and COMPTON, JJ., concur.