434 P.2d 73

Lorene ARCHIE and Henry Archie, Plaintiff-Appellants,

v.

Myrtle Lee SMITH, Defendant-Appellee.

No. 46.

Court of Appeals of New Mexico.

Oct. 27, 1967.

Certiorari Denied Nov. 22, 1967.

Arturo G. Ortega, William E. Snead, Albuquerque, for appellants.

Ranne B. Miller, Keleher & McLeod and Russell Moore, Albuquerque, for appellee.

## OPINION

SPIESS, Judge.

The question for decision is whether the trial court properly rendered summary judgment for the defendant (appellee), Myrtle Lee Smith. The claim involved is for damages resulting from an accident wherein plaintiff (appellant), Lorene Archie was riding in an automobile owned and driven by defendant, Smith.

The trial court decided that the plaintiff Archie was a guest rider within the meaning of the so-called automobile guest law and since only simple negligence was pleaded or otherwise asserted as the proximate cause of injury summary judgment was granted.

It is contended by the plaintiff Archie that a genuine issue of fact is involved as to her status as an occupant or rider in the Smith car and consequently summary judgment was improperly granted.

■ It is firmly established in this jurisdiction that summary judgment is properly granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Hubbard v. Mathis, 72 N.M. 270, 383 P.2d 240 (1963); Hewitt-Robins, Inc., v. Lea County Sand and Gravel, Inc., 70 N.M. 144, 371 P.2d 795 (1962).

■ It is likewise the rule that in considering a motion for summary judgment evidence is to be viewed in the most favorable aspect it will bear in support of the party opposing the motion. Jones v. Gibberd, 77 N.M. 222, 421 P.2d 436 (1966), Hubbard v. Mathis, supra.

With these rules in mind and considering the evidence presented can we properly say as a matter of law that a guest-host relationship within the meaning of the automobile guest act existed between the parties? This is the decisive question.

The automobile guest law, § 64–24–1, N.M.S.A., 1953, is as follows:

"Guests in motor vehicles—Right of action for damages for injury, death or loss. —No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others."

The plaintiff Lorene Archie and defendant Myrtle Lee Smith were fellow delegates to a church meeting in Albuquerque. At that time plaintiff resided in Farmington and since the meeting was to last several days she was assigned to stay at defendant's home in Albuquerque.

On the day of the accident plaintiff and defendant attended a session at the church and following the session defendant drove her car out to pick up some children who had been soliciting funds for the church Sunday school. This was a duty which had been assigned to defendant.

Plaintiff, although not requested so to do by defendant, rode along to help pick up the children. It appears that plaintiff had been told by someone at the church to assist in picking up the children; it also appears, however, that this fact was unknown to defendant and that she could have picked up the children without plaintiff's assistance. En route to pick up the children defendant's automobile was involved in a col-

**550**

lision with another car and plaintiff was injured.

■ Our automobile guest statute was adopted in 1935 verbatim from the Connecticut statute. It is, therefore, presumed that the legislature adopted the prior construction and interpretation of the statute by the highest court of Connecticut. Smith v. Meadows, 56 N.M. 242, 242 P.2d 1006 (1952).

Prior to the adoption by our legislature of the statute the Supreme Court of Connecticut had with reasonable certainty established the principle that to constitute "payment" within the statute actual money need not pass. If the rider confers a tangible benefit on the driver this will suffice to constitute payment with the result that the rider is a passenger and not a guest. This statement is amply supported by Chaplowe v. Powsner, 119 Conn. 188, 175 A. 470, 95 A.L.R. 1177 (1934), wherein the court said:

"While we have held that 'the Legislature, when it used the word "guest," did not intend to include persons who are being transported for the mutual benefit of both the passenger and the operator or owner of the car,' we have also said that in determining as to the existence of such mutual benefit 'not merely the act of transportation must be considered, but also any contract or relationship between the parties to which it was an incident.' Kruy v. Smith, 108 Conn. 628, 629, 630, 144 A. 304, 305. In Leete v. Griswold Post, 114 Conn. 400, 408, 158 A. 919, 922, we further pointed out that 'the extent and nature of the reciprocal advantages,' which will constitute such mutual benefit as will relieve one of the disabilities of a guest, 'are not unlimited but are confined to certain definite relations, such as master and servant, and to tangible benefits accruing to the transporter—as in saving time for which he as master pays, facilitation of a servant's work, or the like.' These limitations and their practical application have been illustrated by subsequent cases which

have come to this court and right of recovery has been sustained only when such definite relations and tangible benefits have been present. For example, in Russell v. Parlee, supra, it was held that the arrangement between the defendant and Grant created an identity of interest between them, in the cultivation of a garden on the defendant's farm, which extended to the plaintiff, who, the defendant knew, was going to the farm to help Grant cultivate the garden, and that the transportation of the plaintiff involved a benefit to the defendant in expediting that work. In Gage v. Chapin Motors, Inc., 115 Conn. 546, 162 A. 17, the relation clearly was contractual—automobile repairer and customer—and the mutual benefit of the road test during which the accident occurred was apparent. On the other hand, in Leete v. Griswold Post, supra, and Bradley v. Clarke, 118 Conn. 641, 174 A. 72, the 'reciprocal advantages' necessary to remove a plaintiff from the category of a 'guest' are found to be lacking and recovery was denied.

"Although the operation of the statute in denying a right of recovery should not be extended, by construction, beyond the correction of the evils and the attainment of the social objects sought by it (Russell v. Parlee, supra, 115 Conn. 692, 163 A. 404), equally, the scope of the term 'guest' should not be so restricted as to defeat or impair those purposes, as would be the case if one riding as mere recipient of hospitality be excluded from the status of a guest. No case within our knowledge has gone so far."

■■ The evidence in this case would warrant the conclusion that plaintiff and defendant had a common interest in the benevolent object of the trip. This fact, however, in itself is insufficient to constitute "payment" within the meaning of the Act. Some tangible benefit accruing to the driver must be shown if the rider is to be relieved of the disabilities specified in the Act. See Hobbs v. Irwin, 60 N.M. 479, 292

P.2d 779 (1956); England v. Stauffer, 145 So.2d 545 (Fla.1962); Nielsen v. Kohlstedt, 254 Iowa 470, 117 N.W.2d 900 (1962); Hill Hardware Corp. v. Hesson, 198 Va. 425, 94 S.E.2d 256 (1956); Born v. Matzner's Estate, 159 Neb. 169, 65 N.W.2d 593 (1954); Klatka v. Barker, 124 Colo. 588, 239 P.2d 607 (1951); Brandis v. Goldanski, 117 Cal. App.2d 42, 255 P.2d 36 (1953); Henry v. Henson (Tex.Civ.App.1943), 174 S.W.2d 270; Fuller v. Tucker, 4 Wash.2d 426, 103 P.2d 1086 (1940).

■ Giving the evidence the most favorable aspect it will bear in support of plaintiffs' position, it sums up in the following manner: Plaintiff Archie was directed by someone at the church to assist defendant Smith in picking up the children and accordingly accompanied defendant in her car for the purpose. The defendant, however, was not aware that plaintiff had been directed to assist her. Defendant did not invite or request plaintiff to accompany her, nor was plaintiff's assistance requested or needed by defendant. It seems clear to us under these facts that the requisite tangible benefit was not conferred upon the driver. It follows that the trial court properly rendered summary judgment for the defendant.

We have considered cases cited and relied upon by plaintiff including: Simms v. Tingle, 232 Ark. 239, 335 S.W.2d 449 (1960); Vest v. Kramer, 158 Ohio St. 78, 107 N.E.2d 105 (1952); and Burrow v. Porterfield, 171 Ohio St. 28, 168 N.E.2d 137 (1960).

*Simms* involved an action for damages suffered by plaintiff while riding in an automobile driven by defendant. The trial court sustained defendant's demurrer and dismissed the complaint. The Supreme Court held that the complaint alleging that plaintiff's presence in the automobile driven by defendant was necessary by reason of a joint undertaking of plaintiff and defendant in selling and distributing certain church material, and the fact that plaintiff and defendant were jointly engaged in such undertaking for their joint benefit under a car pool arrangement for the joint purpose of selling and distributing the material was sufficient to raise a question of fact as to whether the car pool arrangement constituted payment for transportation even though the benefit to the driver was not necessarily a business or pecuniary benefit which could be measured in dollars and cents, and, therefore, a jury question was presented as to whether plaintiff was a guest within the guest statutes. It is apparent that the reciprocal use of motor vehicles through the car pool arrangement which furnished evidence of payment for transportation is not present here.

*Vest* involved a boy scout injured in a troop scrap paper drive while riding on top of a pile of papers in a trailer attached to the assistant scoutmaster's car. Joint interest in the project was held sufficient to avoid the guest statute.

In *Burrow* a rider and driver were en route to a church convention. The rider was a supervisor of children's activities of her church. The driver was the pastor. It was held that the rider could not be considered a guest as a matter of law for the reason that the evidence warranted a finding that the rider's presence at the convention was for the benefit of the driver in connection with his position and objectives as a pastor.

Both *Vest* and *Burrow* reflect a stricter interpretation of the term "guest" and a more liberal interpretation of statutory requirement for payment or compensation to the driver than we feel free to adopt, in view of the construction which has been placed upon the Act by the Supreme Court of Connecticut in Chaplowe v. Powsner, supra.

The judgment is affirmed.

It is so ordered.

HENSLEY, Jr., C. J., and OMAN, J., concur.