. 462 P.2d 627

**Lee Roy JOHNSON, Plaintiff-Appellant,**

v.

**J. S. & H. CONSTRUCTION CO., Employer;
and Home Indemnity Insurance Co., In-
surer, Defendants-Appellees.**

**No. 365.**

Court of Appeals of New Mexico.

Dec. 5, 1969.

Willard F. Kitts, Albuquerque, for plain-
tiff-appellant.

Wayne C. Wolf, Civerolo, Hansen &
Wolf, Albuquerque, for defendants-appel-
lees.

## OPINION

OMAN, Judge.

This is an appeal by plaintiff from a sum-
mary judgment granted defendants. The
suit is for medical expenses under the
Workmen's Compensation Act.

If the record presents a genuine issue on
the material fact of whether plaintiff's ac-
cidental injury arose out of and in the
course of his employment with defendant,
J. S. & H. Construction Co., then we must
reverse.

Defendants contend no such genuine issue
exists because the record shows at the time
of the accident plaintiff was a loaned or
special employee of Lembke Construction
Company. Lembke was the prime contrac-
tor on the project on which J. S. & H., the
general employer of plaintiff, was a sub-
contractor.

The motion for summary judgment was
predicated on the pleadings, plaintiff's
deposition and an affidavit by plaintiff in
opposition to the motion. Apparently the
basis for the summary judgment was plain-

tiff's statement that he had been borrowed by Lembke under " * * * some kind of an arrangement where they [Lembke] would use me [plaintiff] in the afternoons when we [J. S. & H.] were through with our work. * * *", and his statement that the work he was doing "* * * was part of the Lembke work * * *" and he believed it was Lembke's foreman who was giving him directions at the time.

This evidence would certainly be sufficient to support a finding that the work being done by plaintiff was that of Lembke. If this were all of the evidence, it would compel a finding that the accidental injury did not arise out of and in the course of plaintiff's employment for J. S. & H. See Jones v. George F. Getty Oil Co., 92 F.2d 255 (10th Cir. 1937), cert. denied, Associated Indemnity Corp. v. George F. Getty Oil Co., 303 U.S. 644, 58 S.Ct. 644, 82 L.Ed. 1106 (1938); Shipman v. Macco Corporation, 74 N.M. 174, 392 P.2d 9 (1964).

However, the following also appears in the record: (1) Plaintiff was directed by the J. S. & H. foreman to do the work for Lembke; (2) At no time was he told by Lembke when to go to work or when to quit; (3) He was never paid by Lembke, but his time was kept and he was at all times paid by J. S. & H.; (4) The J. S. & H. foreman made out the accident report; and (5) Defendants paid plaintiff workmen's compensation benefits from the date of the accident, July 20, 1964, until about September 18, 1964, and paid his medical, hospital and drug bills in the sum of $1,331.82, during the period of July 20, 1964, to about June 10, 1965.

In Jones v. George F. Getty Oil Co., supra, and Shipman v. Macco Corporation, supra, it was said:

" 'The ultimate test is: Whose is the work being done? * * * In determining whose work is being done, the question of the power to control the work is of great importance * * * but is not conclusive. * * * The identity of the person who, in fact, directs the details of the work and gives the immediate instructions to the workmen is of comparatively small importance, the power of control referred to being the power to control the undertaking as a whole. * * *' "

In Gilbert v. E. B. Law and Son, Inc., 60 N.M. 101, 287 P.2d 992 (1955), it was held that the making of the accident report by the employer and the payment of compensation by the insurer constituted an admission against interest by the employer and the insurer sufficient to support an award of compensation. In Michael v. Bauman, 76 N.M. 225, 413 P.2d 888 (1966), it was held this admission was rebuttable and not conclusive.

In considering the merits of a motion for summary judgment, it is not the function of the trial court or the appellate court to weigh evidence. A summary judgment may be granted only where the facts are clear and undisputed. Mizer v. Southern Pacific Company, 77 N.M. 74, 419 P.2d 452 (1966). See also, Federal Building Service v. Mountain States Tel. & Tel. Co., 76 N.M. 524, 417 P.2d 24 (1966); Cromer v. J. W. Jones Construction Company, 79 N.M. 179, 441 P.2d 219 (Ct.App. 1968). The evidence must be viewed in its most favorable aspect in support of a trial on the issues. General Electric Credit Corporation v. Tidenberg, 78 N.M. 59, 428 P.2d 33 (1967); Institute for Essential Housing, Inc. v. Keith, 76 N.M. 492, 416 P.2d 157 (1966); Archie v. Smith, 78 N.M. 548, 434 P.2d 73 (Ct.App.1967).

The trial court could not properly disregard the evidence which supported plaintiff's claim that the accident arose out of and in the course of his employment by J. S. & H., and, particularly, it could not properly disregard the admission raised by the making of the accident report by the foreman of J. S. & H. and the payment of weekly compensation and medical benefits by the insurer. This admission, though not conclusive, is sufficient to support a finding that the accident did arise out of and in the course of plaintiff's employment by J. S. & H. Michael v. Bauman, supra; Gilbert v.

E. B. Law and Son, Inc., supra. The evidence to the contrary is not conclusive on this issue, even though plaintiff did consider the work he was performing as that of Lembke.

 Although the trial court may be of the opinion that eventually it must decide the issues in favor of the party moving for summary judgment, if there be a genuine issue on an essential fact, evidence thereon should be heard at a trial, and no attempt should be made to try the case in advance in the summary proceedings. See Sandoval v. Board of Regents of N.M. State Univ., 75 N.M. 261, 403 P.2d 699 (1965); Coca v. Arceo, 71 N.M. 186, 376 P.2d 970 (1962).

The summary judgment should be reversed and the cause remanded for trial on the issues presented.

It is so ordered.

Speiss, C. J., and Wood, J., concur.